UNITED STATES, Appellee,

v.

Michael A. MONAHAN, Airman Basic,
U. S. Air Force, Appellant.

No. 30,344.

U. S. Court of Military Appeals.

Aug. 29, 1975.

Colonel William E. Cordingly and Major
John A. Cutts, III, were on the pleadings
for Appellant, Accused.

Colonel C. F. Bennett and Captain Alvin
E. Schlechter were on the pleadings for
Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

The accused stands convicted by a general court-martial before military judge alone of numerous offenses including a charge of desertion in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885. He entered pleas of guilty to all of the offenses except the charge of desertion to which he pleaded guilty only to the lesser included offense of absence without leave. We granted review to determine if the staff judge advocate's review was prejudicially misleading where, after summarizing the evidence relating to the contested element of the appellant's intent, he expressed only the following:

> I have found sufficient competent evidence of that offense to which the accused pleaded not guilty to uphold the military judge's finding of guilty.

In *United States v. Johnson*, 8 U.S.C.M.A. 173, 23 C.M.R. 397 (1957), we concluded a post-trial review was inadequate which merely contained the following paragraph relative to the convening authority's responsibility to approve only those findings found to be correct in law and fact: [1]

> The conflict of evidence presented to the court was a factual matter to be resolved by them as triers of the facts. The court under the proper instructions given by the law officer was fully competent to evaluate the conflicting admissible evidence, and to determine the credibility of the witnesses. It was for the court to decide, and *where as here there is sufficient legally admissible evidence to support their findings it should not be disturbed* (*United States v. McCrary* (No. 4), 1 C.M.R. 1).

Since the quoted language indicated an improper evidentiary standard for a convening authority's review of a case,[2] we reversed.

We perceive a similar deficiency in the post-trial review *sub judice*.

The decision of the United States Air Force Court of Military Review is reversed. The case is returned to the Judge Advocate General of the Air Force for submission to the Court of Military Review, which may set aside the findings of guilty on the charge of desertion and reassess the sentence or order a new review and action.

---

1. *United States v. Johnson*, 8 U.S.C.M.A. 173, 176, 23 C.M.R. 397, 400 (1957).

2. *See United States v. Grice*, 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957).