## UNITED STATES

v.

**Airman Basic Carl L. ROBINSON, FR 587–60–8604 Headquarters, 3320th Retraining Group Lowry Technical Training Center (ATC).**

### ACM 21870.

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 April 1975.

Decided 14 Nov. 1975.

ius C. Ullerich, Jr., and Captain Rex L. Fuller III.

## DECISION

ORSER, Judge:

Tried by a general court-martial consisting of a military judge sitting alone, the accused was found guilty, consistent with his pleas, of an offense of communicating a threat, five offenses of willful disobedience of orders of superior noncommissioned officers, and two offenses of disrespectful language to a superior noncommissioned officer, in violation of Articles 134 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 891. He was also convicted, contrary to his pleas, of four offenses of failure to obey lawful orders, in violation of Article 92, Code, 10 U.S.C. § 892, supra. The approved sentence provides for a bad conduct discharge, confinement at hard labor for seven months, and forfeiture of $100.00 per month for seven months.[1]

In addition to inviting our attention to several assertions of error advanced by trial defense counsel, appellate defense counsel independently urge that the review of the staff judge advocate is prejudicially misleading. In our view, the errors advanced by trial defense counsel are either without merit or were considered by the staff judge advocate in his review and properly resolved adversely to the accused. Our discussion will accordingly be limited only to the error assigned by appellate defense counsel.

The author of the post-trial review, an assistant staff judge advocate, concluded the evidence was insufficient to sustain the accused's conviction of Specifications 1 and 4, Charge III, and recommended disapproval thereof. He then properly advised the convening authority that before approving any of the findings of guilty, he was required to be convinced of the accused's guilt beyond a reasonable doubt. See *United States v. Grice,* 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957). The staff judge advocate disa-

Appearances: Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Major John A. Cutts III. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Jul-

1. In his action, the convening authority deferred service of the sentence to confinement at hard labor until the sentence is ordered executed unless sooner rescinded.

greed with his assistant's position as to the specifications in issue, and after briefly discussing the evidence, concluded ". . . there was adequate evidence presented by the Government upon which the judge could base his findings of guilty." He then recommended "that the findings entered by the military judge as to Specifications 1 and 4 of Charge III be approved."

■ In our opinion, the staff judge advocate applied an erroneous standard in his evaluation of the evidence respecting the offenses in question and, consequently, there exists a fair risk that the convening authority's action approving the findings of guilty was motivated by reliance thereon.[2] *United States v. Grice, supra; United States v. Johnson,* 8 U.S.C.M.A. 173, 23 C.M.R. 397 (1957); *United States v. Monahan,* 23 U.S.C.M.A. 539, 50 C.M.R. 710, 3 M.J. 489 (1975). Furthermore, in our view this error was not waived by failure to correct or challenge it at the time the review was served on counsel for the accused pursuant to *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

■ In *Goode,* the United States Court of Military Appeals ordered that:

On and after May 15, 1975, a copy of the . . . [post-trial review of the staff judge advocate will] be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. . . . The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

*United States v. Goode, supra,* 50 C.M.R. at page 4, 1 M.J. at page 6. Analysis of the *Goode* decision convinces us the Court did not intend the waiver provision to apply to substantive requirements of reviews, among which is that the staff judge advo-

cate correctly advise the convening authority of the standard by which he must measure the evidence. See *United States v. Grice* and *United States v. Johnson,* both supra.

The specific matter of concern was a convening authority's action which resulted in the approval of a sentence more severe than that contained in a pretrial agreement. Subsequent to trial, but before the convening authority's action, the accused absented himself without authority. Though the review provided no reason for dishonoring the sentence agreement, it recommended approval of the adjudged sentence. On appeal it was ascertained the convening authority had been orally informed of the accused's post-trial misconduct before he took his action, but there was no indication the accused was ever advised of the staff judge advocate's intent to recommend approval of the adjudged sentence or the reasons therefor. Within this framework of circumstances, the Court enunciated the new mandate requiring reviews to be served on counsel for the accused coupled with a waiver of error proviso.

■ Viewed from the perspective of this factual setting, and especially in light of the Court's often expressed concern with the inclusion of derogatory information in post-trial reviews, we believe, with our sister Army Court, that the new rule is primarily designed to insure an accused (through his counsel) is made aware of and given an opportunity to comment upon adverse matters not of record before the convening authority takes his action. *United States v. Austin,* 2 M.J. 391 (A.C.M.R., 1975). See *United States v. Owens,* 11 U.S.C.M.A. 240, 29 C.M.R. 56 (1960); *United States v. Griffin,* 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957); *United States v. Smith,* 9 U.S.C.M.A. 145, 25 C.M.R. 407 (1958); *United States v. Vara,* 8 U.S.C.M.A. 651, 25 C.M.R. 155

---

**2.** We perceive no similar problem respecting the remaining findings of guilty. As to those, the convening authority was provided proper evidentiary guidance by the review author and the staff judge advocate's disagreement clearly extended only to the two findings of guilty as to which the author recommended disapproval on the basis of insufficient evidence. See *United States v. Morris,* 8 U.S.C.M.A. 755, 25 C.M.R. 259 (1958).

(1958); Manual for Courts-Martial, 1969 (Rev.), paragraph 85*b.* With that purpose in mind, it seems clear that the waiver feature of the rule is designed to preclude an accused, who fails to avail himself of that opportunity, from contending for the first time on appeal that matters of such nature were improperly considered against him.

Conversely, in our opinion the *Goode* rule is not intended to legally sanction, by the simple expedient of a defense waiver, a review that is unacceptably inaccurate, unfair or misleading respecting the facts or the law. See *United States v. Cruse,* 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972); *United States v. Samuels,* 22 U.S.C.M.A. 238, 46 C.M.R. 238 (1973). We simply do not believe a *Goode* waiver negates the requirement that a staff judge advocate in his review accurately advise the convening authority of essential trial matters, or the consequence that failure to do so constitutes prejudicial error. See *United States v. McIlveen,* 23 U.S.C.M.A. 357, 49 C.M.R. 761 (1975); *United States v. Parks,* 17 U.S.C.M.A. 87, 37 C.M.R. 351 (1967); *United States v. Austin,* supra.

Though we could direct a new review and action as a means of remedying the review deficiency discussed above, we consider it more appropriate in these circumstances to reassess the sentence on the basis of the remaining findings of guilty as to which the convening authority was provided proper evidentiary guidance. Accordingly, the findings of guilty of Specifications 1 and 4 of Charge III are set aside and ordered dismissed. The remaining findings of guilty are correct in law and fact. Having reassessed the sentence, we approve only so much thereof as was recommended by the review author following his opinion that the evidence was insufficient to sustain the findings of guilty as to the two offenses herein dismissed, to wit: a bad conduct discharge, confinement at hard labor for two months and forfeiture of $100.00 per month for two months.

1. Nevertheless, I am cognizant of my judicial responsibility of deciding issues in conformity with the results previously reached by the

The findings of guilty and the sentence, both as modified herein, are Affirmed.

LeTARTE, Chief Judge (concurring in part and dissenting in part):

Although I agree that the staff judge advocate utilized an improper evidentiary standard with respect to the findings of guilty of Specifications 1 and 4 of Charge III, I do not agree with Judge Orser that the error extended only to those two specifications or with Judge Early that the error was waived by defense counsel's failure to challenge it when offered the opportunity pursuant to the Court's mandate in *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). In my opinion, it must be presumed that the staff judge advocate applied the same erroneous standard to the findings of guilty of Specifications 2 and 3 of Charge III as he did to Specifications 1 and 4 thereof.

It is immaterial that the correct evidentiary standard was set forth by the author of the post-trial review as to Specifications 2 and 3. In reviewing a court-martial, the convening authority presumptively acts upon the advice of his senior legal adviser, not an assistant staff judge advocate. Manual for Courts-Martial, 1969 (Rev.), paragraph 85*a.* Accordingly, in the instant case, it is not improbable that the convening authority approved Specifications 2 and 3 on the basis that "there was adequate evidence presented by the Government upon which the judge could base his findings of guilty," since this is the standard applied by his staff judge advocate as to Specifications 1 and 4.

I find myself in the paradoxical position of urging nonaffirmance of Specifications 2 and 3 on the basis of my interpretation of the Court's holding in *United States v. Monahan,* 23 U.S.C.M.A. 539, 50 C.M.R. 710, 3 M.J. 489 (1975), a decision with which I strongly disagree.[1] There, the accused pleaded not guilty to a charge of desertion

Court of Military Appeals. *United States v. Heflin,* 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975), footnote 6.

but guilty of the lesser offense of absence without leave. In discussing the issue of intent, the reviewer commented:

I have found sufficient competent evidence of that offense to which the accused pleaded not guilty to uphold the military judge's finding of guilty.

Because these remarks demonstrated the reviewer's use of an improper evidentiary standard, the Court of Military Appeals found prejudicial error notwithstanding that the reviewer had otherwise unmistakably indicated his utilization of the proper standard before recommending approval of the desertion conviction. In fact, in the sentence immediately preceding the comment set forth above, the reviewer had concluded:

The totality of evidence presented in this case indicated beyond a reasonable doubt that Airman Monahan did indeed intend to remain away permanently from the military service.

Furthermore, in his final summation, the reviewer had enjoined the convening authority as follows:

Before approving the finding of guilty, you must determine that such finding is established to your satisfaction beyond a reasonable doubt by competent evidence properly admitted before findings . .
In addition, before approving the findings of guilty or the sentence adjudged, you must determine, *as I have determined as a result of my review:*

.   .   .   .   .

(3) That the competent evidence of record established beyond a reasonable doubt each element of the offenses of which the accused was found guilty. . .
(Emphasis supplied.)

These remarks clearly illustrate that the reviewer not only employed the proper evidentiary standard in recommending approval of the findings of guilty of the desertion offense but also, and more importantly, in advising the convening authority of the standard he was to employ before approving those findings. Nevertheless, as indicated, the Court found prejudicial error. Consequently, since the staff judge advo-

cate's opinion in the instant review indicated his use of an incorrect evidentiary standard, we cannot search elsewhere in the review to find a basis for affirming *any* of the findings of guilty of those offenses of which the accused pleaded not guilty.

For the reasons stated, I would set aside the findings of guilty of Specifications 1–4 of Charge III, order these charges dismissed and reassess the sentence. However, I join in affirming the sentence as modified by Judge Orser since, in my opinion, this sentence would have been appropriate had all four specifications of Charge III been set aside.

EARLY, Judge (concurring in part and dissenting in part):

I am in only partial agreement with my brothers. At the outset, I agree that the staff judge advocate improperly advised the convening authority as to the standard of proof necessary for approving the court's findings of guilty of Specifications 1 and 4 of Charge III, and I also agree with my brother LeTarte that it is not unlikely that the staff judge advocate applied the same erroneous standard to Specifications 2 and 3. Where I disagree with both of my brothers is with respect to the application of the decision in *United States v. Goode,* 23 U.S. C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975) to the instant case.

In *Goode,* the Court stated:

Because of these continual and often repeated claims of error, plus the delay in determining their validity and correction, we deem it appropriate and expedient to take corrective action. Accordingly, it is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, . . . be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record

of proceedings. The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

50 C.M.R. at page 4, 1 M.J. at page 6.

I believe that the thrust of *Goode* is to recognize the defense counsel as an integrated part of the court-martial review process with the responsibility of assuring that all significant errors or deficiencies in the staff judge advocate's post-trial review are identified before the convening authority *first* acts upon the record of trial.[1] As Judge Ferguson stated in *United States v. Wilson,* 9 U.S.C.M.A. 223, 26 C.M.R. 3, 6 (1958):

> [W]e cannot escape the conclusion that the post-trial review and the action of the convening authority together represent an integral first step in an accused's climb up the appellate ladder. This step is oftentimes the most critical of all for an accused because of the convening authority's broad powers which are not enjoyed by boards of review or even by this Court. It is while the case is at the convening authority level that the accused stands the greatest chance of being relieved from the consequences of a harsh finding or a severe sentence.

To me, it would be enigmatic on the one hand to compel the defense counsel, upon penalty of waiver, to assert his objection at trial to matters for which an accused is entitled to protection under the Constitution and military law[2] and, on the other, to allow defense counsel, without fear of waiver, to discover error in the post-trial review and remain silent in the hope of favorable appellate action. Such favorable action usually consists of returning the record for a new review and action, and, in my view, this is exactly the result that *Goode* was intended to eliminate.

I wish to emphasize, however, that I would extend the *Goode* doctrine only to errors or deficiencies in the review itself which do not reach the level of substantial injustice. See UCMJ, Article 59, 10 U.S.C. § 859. Clearly, *Goode* could not be employed to effect a waiver of a substantial error occurring at trial simply because it was not detected or discussed by the reviewer, or was justified by faulty legal reasoning. In such event, I would echo the words of former Chief Judge Quinn that "whenever, to do substantial justice, it becomes necessary to notice an error, then objection or no objection, . . . that error will not be noted." *United States v. Fisher,* 4 U.S.C.M.A. 152, 15 C.M.R. 152, 156 (1954). What I read *Goode* to mean is that those errors generated by the reviewer *in reviewing the case* must be raised by the defense counsel for the benefit of the convening authority, or they will be waived. I would not apply *Goode* beyond this, for we will not let the dogma of consistency impede the exercise of our jurisdiction where the substantial rights of the accused may be imperiled.

Unfortunately, the correct interpretation of *Goode* has not yet been delineated by the Court of Military Appeals. Until that time, I can only espouse my own opinion, which is at divergence with those of my brothers.[3]

I would hold, therefore, that the defense counsel, by not challenging the obviously

1. This interpretation permits me to disregard the disclaimer statement of defense counsel in this case that the defense can be required "to cure any errors or defects in the Staff Judge Advocate's Review." If conceded, such a position would render the *Goode* mandate meaningless.

2. See, for example, the following cases in which the waiver doctrine was applied:

   *United States v. Hendrix,* 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972) (failure to raise illegal search and seizure issue); *United States v. Sloan,* 22 U.S.C.M.A. 587, 48 C.M.R. 211 (1974) (failure to raise speedy trial issue).

3. I note in passing that my views above are supported by the Report of the Task Force on the Administration of Military Justice in the Armed Forces, wherein it was recommended that the review of the convening authority be limited to clemency considerations, "and, except in capital cases, [to] leave to the trial defense counsel the responsibility of submitting an assignment of errors—an appeal—to an appropriate Court of Military Review." Report, page 94 (DoD 30 November 1972).

erroneous standard used by the staff judge advocate, has waived the issue. Consequently, although I disagree that sentence modification is necessary in this case, I join in affirming the findings of guilty as modified by Judge Orser.