**· UNITED STATES**

**v.**

**Airman Basic James E. THOMPKINS, FR 499–58–1658, 46th Consolidated Aircraft Maintenance Squadron Aerospace Defense Command.**

**ACM S24325.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 Oct. 1975.

Decided 4 Feb. 1976.

## DECISION

FORAY, Judge:

Upon trial by special court-martial with members, the accused was convicted, contrary to his pleas, of two offenses of absence without leave, in violation of Article 86, 10 U.S.C. § 886, Uniform Code of Military Justice. The approved sentence extends to a bad conduct discharge.

■ The accused did not request appellate representation nor did he submit any assignment of error for our consideration. That notwithstanding, we have found an error which requires remedial action.

In the post-trial review of the staff judge advocate in this case, the author included his opinion as to the weight and adequacy of the evidence * introduced at the trial as follows:

> The competent evidence of record is both legally and factually sufficient to sustain the findings of the court as to the accused's absence without authority from his organization during the periods. . .

In *United States v. Monahan*, 23 U.S.C.M.A. 539, 50 C.M.R. 710, 3 M.J. 489 (1975), the Court of Military Appeals held a similarly stated opinion as to the adequacy and weight of the evidence contained in the staff judge advocate's post-trial review of that case to be prejudicially misleading. The wording of that opinion was:

> I have found sufficient competent evidence of that offense to which the accused pleaded not guilty to uphold the military judge's finding of guilty.

Here, as in *Monahan*, the author of the post-trial review failed to mention that he weighed competent evidence of record and found it to establish the accused's guilt *beyond a reasonable doubt.*

■ A copy of the post-trial review was served on this accused's trial defense counsel pursuant to the mandate estab-

* Manual for Courts-Martial, 1969 (Rev.), paragraph 85*b.*

lished by the Court of Military Appeals in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). However, Counsel did not avail himself of the opportunity to correct or challenge erroneous, inadequate, or misleading matters, or to comment on any other matter, within the five days of the service of the review on him as provided by *Goode*. We do not find his failure to do so to constitute a waiver of the error in the review. In our view, the waiver provision of *Goode* was not intended to apply to the substantive requirements for post-trial reviews, one of them being that which is involved here. *United States v. Robinson*, 51 C.M.R. 484, 1 M.J. 722 (A.F.C.M.R.1975); *United States v. Cumberledge* (f. rev.), 51 C.M.R. 696, 1 M.J. 768 (A.F.C.M.R.1975).

The deficiency in the staff judge advocate's post-trial review of this case requires us to set aside the action of the convening authority. Accordingly, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to the convening authority for a new review and action.

LeTARTE, Chief Judge, concurs.

EARLY, Judge (dissenting):

I dissent. The error upon which the majority opinion bases its decision to return the case for a new review and action is, in my opinion, of the sort that the mandate in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), was designed to correct. See my concurring and dissenting opinion in *United States v. Robinson*, 51 C.M.R. 484, 1 M.J. 722 (A.F.C.M.R.1975). I would affirm the findings and sentence.

TO THE HONORABLE, THE JUDGES
OF THE UNITED STATES COURT
OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), the record of trial and the decision of the United States Air Force Court of Military Review, in the above-entitled case, are forwarded for review.

2. The accused was tried by special court-martial convened at Peterson Field, Colorado, on 23–24 October 1975, and despite his pleas of not guilty was convicted of two offenses of absence without leave, in violation of Article 86, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge. The convening authority approved the sentence on 5 December 1975. On 23 December 1975, the officer exercising general court-martial jurisdiction approved the sentence. The Court of Military Review, with one dissent, on 4 February 1976, set aside the action of the convening authority and ordered the case returned to the convening authority for a new review and action. This decision was received by The Judge Advocate General on 4 February 1976.

3. It is requested that action be taken with respect to the following issues:

I. "WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE REVIEW INADEQUATELY ADVISED THE REVIEWING AUTHORITY OF THE PROPER TEST FOR FACTUAL SUFFICIENCY?"

II. "IF THE ANSWER TO THE FOREGOING IS IN THE AFFIRMATIVE, WAS THE COURT CORRECT IN HOLDING THAT THE DEFICIENCY WAS NOT WAIVED BY THE FAILURE OF DEFENSE COUNSEL TO CHALLENGE THE REVIEW AS PROVIDED IN *UNITED STATES v. GOODE*, 23 U.S.C.M.A. 369, 50 C.M.R. 1 [1 M.J. 3] (1975)?"

Receipt is hereby acknowledged of a copy of the foregoing Certificate of Review on this *11th* day of February 1976.