## UNITED STATES

v.

**Sergeant Melvin B. MILLER, FR 424–58–9481 48th Transportation Squadron United States Air Forces in Europe.**

### ACM 21918.

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 May 1975.

Decided 20 Feb. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Captain Rex L. Fuller III. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, Senior Judge, and ORSER and SANDERS, Appellate Military Judges.

## DECISION

SANDERS, Judge:

The accused was tried by general court-martial with members on a charge and specification of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, and a charge with two specifications alleging, respectively, assault with intent to commit murder and indecent exposure, in violation of Article 134, Code, 10 U.S.C. § 934, supra. Contrary to his pleas of not guilty, he was found guilty of the larceny and indecent exposure counts. By excepting the words "with intent to

commit murder," he was found guilty of the lesser offense of assault in violation of Article 128, Code, 10 U.S.C. § 928, supra. He was sentenced to confinement at hard labor for 18 months and reduction to airman basic; however, the convening authority approved the confinement at hard labor for a period of only 15 months.

Several assertions of error have been advanced for our consideration by trial and appellate defense counsel. With the exception of the issue discussed below, and an additional error we detect on our review of this case, we find these assertions to be lacking in merit.

The first error we address concerns the cross-examination of the accused. Over objection, trial counsel was permitted to question the accused about a previous conviction obtained in a British court. Succinctly, the accused elected to take the witness stand and give limited testimony. In fact, he testified only as to his name, age, where he grew up, that he had a wife and child, and that he had had sarcoidosis which resulted in his being placed on the temporary disability retired list for about 37 months.

On cross-examination, trial counsel was permitted to question the accused about the British conviction. The conviction involved three instances of indecent assault and was rendered in July, 1972. The military judge immediately advised the court that such evidence was admissible solely for the purpose of impeaching the credibility of the witness and was to be considered for no other purpose.

As we interpret the objections by trial defense counsel and the position advanced by appellate defense counsel, evidence of this British conviction was inadmissible for several reasons. First, it is urged that there are no provisions for the admission of foreign convictions before a court-martial. Secondly, the argument is advanced that this conviction is not of the type admissible for impeachment purposes. Finally, it is stressed that the accused's very limited testimony did not place his credibility in issue.

■ In our view, the fact that a prior conviction was obtained in a foreign court does not render it inadmissible before a court-martial for the purposes of impeaching the credibility of an accused who elects to testify on the merits. Although not specifically mentioning foreign convictions, paragraph 153b(2)(b), Manual for Courts-Martial, 1969 (Rev.), provides that "[a] witness may be impeached by showing that he has been convicted by a civil or military court of a crime—that is, any offense of a civil or military nature—which involves moral turpitude or otherwise affects his credibility." The Manual goes on to provide:

> The following convictions are among those which are considered to be convictions of offenses involving moral turpitude or otherwise affecting credibility:
>
> *　　*　　*　　*　　*　　*
>
> (3) A conviction by any other court of an offense similar to an offense made punishable by the United States Code as a felony or of an offense characterized by the jurisdiction in question as a felony or as an offense of comparable gravity."

In discussing the admissibility of prior convictions to discredit a witness' testimony, the following observation is found in Wigmore on Evidence:

> A judgment of conviction in another jurisdiction ought equally to be admissible; for it equally evidences guilt of the crime, and the crime is the discrediting fact, wherever it may have been committed. Wigmore on Evidence (Chadbourn Revision, 1970), § 980(4), page 833.

See also 98 C.J.S. Witnesses § 507c; 58 Am.Jur., Witnesses, §§ 689, 742.

■ We are also of the opinion that the offenses involved in the British conviction are of the type involving moral turpitude under the criteria set forth in the Manual, supra, hence admissible for impeachment purposes. Although we note that all distinctions between felony and misdemeanor have been abolished under British criminal

law,[1] the offense of indecent assault provides for a punishment including confinement at hard labor not to exceed five years under the provisions of paragraph 127c, page 25–15, Manual, supra. Under military law, offenses involving moral turpitude include those which provide for punishment of confinement at hard labor for more than one year. Further, under 18 U.S.C. § 1, a felony includes those offenses punishable by more than one year's confinement.

The jurisdictional limits of the particular court rendering the prior conviction is not necessarily controlling in determining the admissibility of the conviction for impeachment purposes.[2] *United States v. Moore,* 5 U.S.C.M.A. 687, 18 C.M.R. 311 (1955) (a summary court-martial conviction held admissible). Compare *United States v. Green,* 20 C.M.R. 606 (A.F.B.R. 1955). And, the characterization of the particular crime involved in the prior conviction as viewed by the forum determining its admissibility is the important factor, not the label placed on it by the foreign jurisdiction. 98 C.J.S. Witnesses § 507c. In our view, the prior conviction in this case involves offenses clearly coming within the definition of the term "moral turpitude" and "felony" as provided in the Manual and the United States Code.

The question remains whether the prior conviction was admissible under the circumstances of this case. We do not believe it was.

As a general rule, when an accused elects to testify, his credibility is subject to impeachment. *United States v. Nicholson,* 8 U.S.C.M.A. 499, 25 C.M.R. 3 (1957); *United States v. Moreno,* 10 U.S.C.M.A. 406, 27 C.M.R. 480 (1959). One such method of attacking the accused's credibility is by questioning him about previous convictions. *United States v. Nicholson* and *United States v. Moreno,* both supra; paragraph 153b(2)(b), Manual, supra. However, where the accused has not given testimony subject to impeachment, it is improper to question him regarding previous convictions. *United States v. Shipman,* 9 U.S.C.M.A. 665, 26 C.M.R. 445 (1958); *United States v. Sisk,* 45 C.M.R. 735 (A.C.M.R. 1972), pet. denied, 45 C.M.R. 929. See also *United States v. Hayes,* 48 C.M.R. 67 (A.F. C.M.R. 1973), pet. denied, 48 C.M.R. 999. We believe this was the situation in this case. The accused's testimony was very limited and did not touch on any of the offenses charged. Indeed, his testimony did not touch on any fact in dispute. Under the circumstances his credibility was not in issue as a result of his testimony and there was no basis for allowing impeachment evidence.

Although error was committed in allowing cross-examination of the accused concerning the previous conviction, reversal is not required. *United States v. Moreno,* supra. The evidence of guilt, as found by the court, was compelling. For that matter, the defense of the case rested primarily on the lack of mental responsibility on the part of the accused because of intoxication combined with a character/behavior disorder. Furthermore, the military judge instructed the court that the evidence of the previous conviction was admitted strictly for the purpose of impeaching the credibility of the witness and could not be considered for any other purpose. In this setting, we do not find a fair risk that the improper impeachment evidence had any substantial effect on the court in reaching their findings. *United States v. Moreno,*

---

1. A motion for leave to file a letter from the Deputy Clerk to the Justices, Scunthorpe Petty Sessions Division, dated 11 August 1975 and attached to Appellate Defense Counsel's Assignment of Error, was granted by this Court at the time of oral argument. Among other matters the letter advises that British law no longer provides for a distinction between felonies and misdemeanors.

2. The letter from the Deputy Clerk advises that in view of the accused's consent for the offenses to be dealt with summarily under the provisions of Section 19 of the Magistrates' Courts' Act 1952, the maximum sentence to confinement that could be imposed for each offense is six months and that two of the sentences of imprisonment could be consecutive.

supra; *United States v. Nicholson,* supra; *United States v. Miller,* 14 U.S.C.M.A. 412, 34 C.M.R. 192 (1964); *United States v. Russell,* 3 U.S.C.M.A. 696, 14 C.M.R. 114 (1954); *United States v. Hayes,* supra; *United States v. Buchanan,* 37 C.M.R. 927 (A.F.B.R. 1967); pet. denied, 37 C.M.R. 470.

■ As to the sentence, any possible prejudice to the accused resulting from the improper evidence was removed by the reassessment action of the convening authority. To preclude the possibility of prejudice, the convening authority reassessed the sentence and reduced the period of confinement at hard labor from 18 months to 15 months in view of this error. We also note that prior to the court's deliberation on sentence, a previous action under Article 15, Code, 10 U.S.C. § 815, supra, was properly admitted into evidence which established nonjudicial punishment for offenses of indecent exposure, communicating indecent language to a female and failing to obey an order. In view of the less than maximum sentence adjudged, the properly admitted evidence of previous nonjudicial punishment and the reassessment of the sentence by the convening authority, any further corrective action is unwarranted and unnecessary.

The second error involves misadvice in the staff judge advocate's post-trial review and requires corrective action. Although the reviewer correctly advises the convening authority in several sections of the review that the accused entered pleas of not guilty, and otherwise sets out the evidence and discusses the legal sufficiency of the court's findings, in his *"OPINIONS"* section he states:

> C. The plea of guilty is legally sufficient to support the findings of guilty and establish beyond a reasonable doubt, each and every element of the offense of which the accused was found guilty.

■ We are unable to rationalize a distinction between this situation and the holding of the Court of Military Appeals in *United States v. Garcia,* 23 U.S.C.M.A. 479, 50 C.M.R. 498, 1 M.J. 77 (1975). See also our decision in *Garcia, United States v. Garcia,* 50 C.M.R. 263 (A.F.C.M.R. 1975). In *Garcia,* the cover page of the staff judge advocate's review indicated by the letter "G" that the accused had entered pleas of guilty when in fact he had entered pleas of not guilty. Although the body of the review in that case made it clear that the accused had pleaded not guilty, the Court of Military Appeals held this misadvice to be prejudicial. Under the circumstances we are compelled to hold that the review is prejudicially erroneous and order corrective action.[3] *United States v. Garcia,* supra; *United States v. McIlveen,* 23 U.S.C.M.A. 357, 49 C.M.R. 761, (1975); *United States v. Monahan,* 23 U.S.C.M.A. 539, 50 C.M.R. 710, 3 M.J. 489 (1975).

Accordingly, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to an appropriate convening authority for a new review and action.

ROBERTS, Senior Judge, and ORSER, Judge, concur.

---

[3] Trial defense counsel's rebuttal to the staff judge advocate's review, although disclaiming any waiver of errors, did not specifically take issue with this erroneous advice. However, in our opinion, errors of this nature in a posttrial review are not of the type in which waiver would apply under the doctrine of *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). See our decision in *United States v. Robinson,* 1 M.J. 722 (A.F.C.M.R. 1975).