UNITED STATES

v.

**Sergeant Lonnie L. BROWN, FR 212–60– 4663 36th Munitions Maintenance Squadron Air University.**

**ACM 22036.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Jan. 1976.

Decided 23 Nov. 1976.

Appellee Counsel for the Accused: Mr. Norman L. Blumenfeld, Washington, D. C., Colonel Jerry E. Conner, Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and OR-SER, Appellate Military Judges.

## DECISION

BUEHLER, Senior Judge:

Tried by a general court-martial with members, the accused stands convicted of two specifications of wrongful possession of heroin, one specification of wrongful possession of marihuana, and three specifications of wrongful sale of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence is a dishonorable discharge, confinement at hard labor for 3 years, forfeiture of all pay and allowances and reduction to the grade of airman basic.

Although appellate defense counsel have assigned numerous errors for our consideration, all except two were adequately treated in the post-trial review of the staff judge advocate or are otherwise without merit.

At trial the accused pleaded not guilty to all offenses. The three sales of heroin are alleged to have been made to Jonathan T. Kaufmann, Charles A. Fink, and Michael D. Fitzgerald, respectively. The Government's only evidence as to each of those sales is found in the testimony of a Sergeant Fox, an informant working with officials of the Office of Special Investigations. Fox and the three named individuals all entered the accused's room on the same date and time and inquired as to the availability of heroin. After either the accused or his roommate indicated that heroin was available, the accused went to his locker and returned with a small matchbox containing several "dime" packets of heroin.

A sale was then made to Fitzgerald followed by sales to Fink and Kaufmann. When asked how he identified the substance sold as being heroin, Fox responded that he was given a small portion of the amounts purchased by Fink and Kaufmann. Thereafter Fox snorted or inhaled what he had been given by Fink and Kaufmann and experienced the effects of heroin intoxication.[1] In Fox's opinion, the substance received by the three named individuals was heroin.

In the first assertion of error we consider, appellate defense counsel contend that the conviction of Specification 5, the alleged sale of heroin to Fitzgerald, must be set aside. They aver that there was no evidence before the court that the substance sold to Fitzgerald was heroin, citing this Court's unpublished decision in *United States v. Tunney*, ACM 22027 (23 July 1976). In *Tunney*, this Court set aside a conviction because the evidence did not establish beyond a reasonable doubt that the substance involved was heroin.

■ We disagree. We find the Government's evidence, presented by witness Fox, when considered in it's totality, sufficient to establish beyond a reasonable doubt that the substance purchased by Fitzgerald was heroin. *United States v. Smith*, 3 U.S.C.M.A. 803, 14 C.M.R. 221 (1954); *United States v. Richards*, 47 C.M.R. 544 (A.F.C.M.R.1973).

■ However, while we find no deficiency of proof at trial, the post-trial review erroneously summarizes portions of Fox's testimony as it relates to Specification 5. Fox's testimony provided the only evidence as to the nature of the substances sold. We feel compelled, therefore, to determine whether the error we perceive resulted in prejudice to the accused.

In the review, Fox's testimony is summarized as follows:

> He also observed sales to others and knew what was sold was heroin because *he shared in its use.* Sergeant Fox then testified on his knowledge of the facts relevant to Specifications 3, 4, and 5 of the charge against [the accused]. He stated he knew Jonathan T. Kaufmann, Charles A. Fink, and Michael D. Fitzgerald and that he was with them on 17 April 1975 in his, Sergeant Fox's room in the MMS barracks. These individuals and Sergeant Fox went to the room of [the accused] and Airman Michael Wilson

---

1. The record conclusively establishes that Fox had been and continued to be an extensive user of heroin.

to try and obtain heroin. Both [the accused] and Airman Wilson were present, were asked if heroin was available and gave an affirmative response. The accused left Sergeant Fox's sight and went to his locker. He came back with a matchbox containing several "dime" packets of heroin. Sergeant Fox observed sales to Fitzgerald, Fink, and Kaufmann, with the accused and his roommate distributing the heroin and collecting the money in a joint operation. Sergeant Fox knew what was sold was heroin because *he personally used portions of each purchase and in each instance* he received the effects of heroin. [Emphasis supplied.]

Thereafter, the convening authority was advised that, "[t]he proof of Specifications 1, 3, 4, and 5 primarily relied on the testimony of Sergeant Raymond M. Fox, whose testimony on the merits has been previously reviewed."

■ In taking his action, a convening authority must determine that a finding of guilty is established beyond a reasonable doubt by the competent evidence of record. *United States v. Massey,* 5 U.S.C.M.A. 514, 18 C.M.R. 138 (1955); *United States v. Grice,* 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957); Manual for Courts-Martial, 1969 (Rev), paragraph 87*a*(3). In this respect, the Manual for Courts-martial, supra, paragraphs 85*a* and 85*b,* provides:

Before acting upon a record of trial by general court-martial . . . a convening authority who exercises general court-martial jurisdiction will refer it to his staff judge advocate . . . for review and advice.

\*   \*   \*   \*   \*   \*

The review will include a summary of the evidence in the case, his opinion as to the adequacy and weight of the evidence . . . and specific recommendation as to the action to be taken. Reasons for both the opinion and recommendation will be stated.

In our opinion, there exists a fair risk that the convening authority's action approving the finding of guilty as to Specification 5 was motivated by reliance on the reviewer's erroneous summary of Fox's testimony. *United States v. Robinson,* 51 C.M.R. 484, 1 M.J. 722 (A.F.C.M.R.1975). As seen, contrary to the reviewer's recitation of the evidence, Fox sampled the substance conveyed to Fink and Kaufmann, but not what was sold to Fitzgerald. Had the evidence been that the substance sold to each of the three individuals came from a bulk lot rather than individual packets, the reviewer's misstatement of fact might be considered harmless in light of the review as a whole. For that matter, even without such an assumption, the error would not necessarily be of prejudicial magnitude had the reviewer not compounded it by relying exclusively thereon for his conclusion that the substance sold to Fitzgerald was heroin.

■ Under the circumstances, we find that, as to Specification 5, the post-trial review is prejudicially inadequate.[2]

■ The remaining assigned error we address is that the accused was prejudiced by the military judge's instruction that the maximum confinement imposable in this case was 50 years under Article 134, rather than twelve years under Article 92, Code, supra. Trial defense counsel made no objection to the instruction of the greater maximum. Assuming without deciding, based upon the recent decision in *United States v. Courtney,* 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976), it was error for the military judge to so instruct, we nevertheless perceive no fair risk that the accused was prejudiced, thereby. The adjudged sentence was five years confinement, reduced by the convening authority to three.

---

2. Assistant defense counsel's rebuttal to the staff judge advocate's review did not specifically take issue with the erroneous summary of Fox's testimony. However, in our opinion, errors of this nature are not of the type contemplated under the waiver doctrine enunciated in *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). See our decisions in *United States v. Robinson,* 51 C.M.R. 484, 1 M.J. 722 (A.F.C.M.R.1975); *United States v. Cumberledge,* 51 C.M.R. 696, 1 M.J. 768 (A.F.C.M.R.1975).

We find this Court's unpublished decision in *United States v. Ojeda*, No. 21883 (f rev) (6 August 1976), pet. denied, 2 M.J. 167 (16 November 1976) dispositive. In *Ojeda*, the military judge, with the concurrence of both trial and defense counsel, instructed the court members that the maximum authorized punishment included confinement at hard labor for 20 years, versus four years under Article 92. In finding no fair risk of prejudice as to sentence this court reasoned:

In the first place, the offenses involved in this case were manifestly more serious and the circumstances more aggravated than the simple possession of marihuana charge which confronted the Court of Military Appeals in *Courtney*. Moreover, the 18-month period of confinement imposed on the accused was less than half that which would have been authorized had the heroin offense penalties been limited to that imposable for violating Article 92, Code, supra. Finally, even if those factors be considered not sufficient of themselves to eliminate any fair risk of prejudice as to the sentence, post-trial action has surely done so.

See also *United States v. Veilleux*, 1 M.J. 811 (A.F.C.M.R. 26 February 1976).

Though we could direct a new review and action as a means of remedying the deficiency discussed above, we consider it more appropriate in these circumstances to set aside the findings of guilty of the affected specification and reassess the sentence on the basis of the findings of guilty we affirm. Accordingly the finding of guilty of Specification 5 is set aside and the charge is ordered dismissed. Having reassessed the sentence, we find only so much thereof appropriate as provides for a dishonorable discharge, confinement at hard labor for 30 months, forfeiture of all pay and allowances, and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

HERMAN, Judge, concurs.

ORSER, Judge, concurring in the result:

Although I concur in all other respects, for the reasons stated in *United States v. De La Fuente*, 2 M.J. 668 (A.F.C.M.R. 16 September 1976), and *United States v. Sasportas*, 2 M.J. 676 (A.F.C.M.R. 23 September 1976), I disassociate myself from the majority's assumption for the purpose of discussion (citing *United States v. Courtney*, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976)) that the military judge erred in instructing the court members that the maximum imposable confinement was that prescribed by Article 134 of the Uniform Code of Military Justice. There is no error to assume as the military judge did not miscalculate the maximum punishment legally imposable at the time the sentence was adjudged,[1] and the decision in *Courtney*, dated long after this case was tried, should be accorded only prospective application.

# UNITED STATES

---

1. *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971).