UNITED STATES

v.

Airman James R. McPHERSON, Jr., FR 523–94–1271, 3441st School Squadron, Lowry Technical Training Center (ATC).

ACM 22135.

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Sept. 1976.

Decided 2 Feb. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Gilbert J. Regan.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

DECISION

ORSER, Judge:

Tried by a military judge general court-martial, the accused stands convicted, despite not guilty pleas, of two specifications of absence without leave (one of about seven days duration, the other of over a year and a half), in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence provides for a bad conduct discharge, confinement at hard labor for seven months, forfeiture of $249.00 per month for seven months, and reduction to airman basic.

■ On appeal, appellate defense counsel challenge the sufficiency of the post-trial review of the staff judge advocate. Of the two specific allegations of inadequacy alleged, the first we consider is counsel's contention that the review is prejudicially deficient in failing to advise the convening authority of the accused's character and behavior disorder. We agree.

During trial, the court considered a psychiatric evaluation of the accused. In the report, the author psychiatrist extensively detailed the accused's personal history and the circumstances underlying and motivating the two unauthorized absences. On the basis of the factors discussed, the doctor opined that at the time of the offenses the accused had a severe personality disorder which diminished, to some degree, his ability to adhere to the right. This evidence was not summarized by the staff judge advocate in his post-trial review. The reviewer merely referenced the evaluation with the comment that it established "the accused's mental responsibility and mental capacity at the time of the offenses and at the time of trial."

In his comments pursuant to the mandate of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), the accused's counsel cited the reviewer's omission and pointed out that the evaluation revealed a personality disorder which in his view was a highly mitigating factor in deciding whether clemency should be granted. In an addendum to the review prompted by defense counsel's comments, the reviewer again failed to summarize the psychiatric evaluation. Instead, he merely reported that the accused's counsel:

> further *alleges* that the review fails to note that in the psychiatric evaluation performed by Dr. Rubenstein . . . Amn McPherson's ability to adhere to the right was found to be partially diminished by the severity of his personality disorder. [Emphasis ours.]

The Manual for Courts-Martial requires that a post-trial review include:

> . . . [A] summary of the evidence in the case, [the staff judge advocate's]

opinion as to the adequacy and weight of the evidence and the effect of any error or irregularity respecting the proceedings, and a specific recommendation as to the action to be taken. Reasons for both the opinion and the recommendation will be stated.

Manual for Courts-Martial, 1969 (Rev), paragraph 85*b*.

■ A review is not intended to be a complete trial *de novo*. As indicated, it is required to contain a summary of the pertinent evidence considered by the court. *United States v. Sulewski*, 9 U.S.C.M.A. 490, 26 C.M.R. 270 (1958). Accordingly, a staff judge advocate must exercise editorial discretion in determining what should be included in his report of the trial proceedings. See *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Cruse*, 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972). The limit of this necessarily wide discretion is that the finished product must include an appropriate discussion of any matter that might substantially influence the convening authority in his action. *United States v. Foti*, 12 U.S.C.M.A. 303, 30 C.M.R. 303 (1961); *United States v. Fields*, supra.

The Court of Military Appeals has repeatedly held that the accused is entitled not only to a complete and accurate review of matters relating to findings, but also to relevant matters bearing on sentence appropriateness. *United States v. Smith*, 23 U.S.C.M.A. 98, 48 C.M.R. 659 (1974); *United States v. Roeder*, 22 U.S.C.M.A. 312, 46 C.M.R. 312 (1973); *United States v. Fields*, supra; *United States v. Massey*, 5 U.S.C.M.A. 514, 18 C.M.R. 138 (1955). The convening authority, of course, has plenary powers to disapprove the findings and sentence, or portions thereof, for any reason, or for no reason at all. Thus, the staff judge advocate must include in his review a discussion of all matters which might exert substantial influence on the convening authority's decision respecting both findings and sentence. *United States v. Boatner* and *United States v. Massey*, both supra; *United States v. Huddleston*, 50 C.M.R. 99 (A.C.M.R.1975).

■ In the case at hand, as observed, the staff judge advocate failed to summarize the contends of the psychiatric evaluation of the accused. And even when alerted to the omission by the defense counsel in his *Goode* response, the reviewer did no more than categorize the diagnosis of the psychiatrist as an *allegation* of the defense attorney. Such characterization, rather than alerting the convening authority to the pertinent features of the evaluation, might as easily have been interpreted as indicating that the matter was merely an unsupported allegation of counsel. The convening authority is not presumed to be aware of issues not discussed by the staff judge advocate. *United States v. McCadney*, 51 C.M.R. 495, 1 M.J. 732 (A.F.C.M.R.1975). In our opinion, the foregoing references by counsel and the reviewer did not serve as an adequate discussion of the clemency features of the evaluation.

As pointed out by appellate defense counsel, the Court of Military Appeals has recognized that psychiatric evaluations of those convicted of crimes are highly valuable aids in the punishment process. As the Court noted in *United States v. Barfield*, 22 U.S.C.M.A. 321, 322, 46 C.M.R. 321, 322 (1973):

> In determining punishment, sentencing instrumentalities now look beyond the act that an accused has committed. Today, psychiatric evaluations of offenders and the nature of their behavior are often considered.

See also *United States v. Cook*, 11 U.S.C.M.A. 579, 29 C.M.R. 395 (1960); Manual for Courts-Martial, supra, paragraph 123.

As noted by appellate government counsel, the psychiatric evaluation in this case contains information tending to militate against clemency as well as information that would seem to favor it. In total perspective, however, we cannot say with acceptable assurance that given the benefit of the substantial insight into the behavioral motivation of the accused furnished by the report, the convening authority would not have mitigated the sentence.

True, even without benefit of the evaluation, the convening authority reduced the confinement portion of the adjudged sentence from eight to seven months and the forfeitures from deprivation of all pay and allowances to $249.00 per month for seven months, in accordance with the reviewer's recommendation. However, the clemency evaluator recommended an even greater reduction of confinement. All matters considered, in our judgment there is a fair chance that had the convening authority taken into account all relevant information contained in the psychiatric evaluation, he might have further mitigated the sentence. *United States v. Stevenson*, 21 U.S.C.M.A. 426, 45 C.M.R. 200 (1972); *United States v. Boatner* and *United States v. Foti*, both supra. The review is accordingly unacceptable. See *United States v. Hooper*, supra.

■ In their remaining complaint of review inadequacy, appellate defense counsel contend the staff judge advocate failed to apprise the convening authority of the correct legal standard by which to evaluate the affirmative defense of duress. In the review, the staff judge advocate summarized the evidence concerning the issue, discussed the applicable law, and then stated:

> As such, while it appears questionable whether the defense of duress would be raised with regard to the first absence, it appears clear that the evidence would support the resolution of this factual issue against the accused as of necessity would have been done by the military judge's conviction with regard to the first absence. I, therefore, conclude that the defense of duress was not raised with regard to the second absence and that if raised with regard to the first absence, the evidence supports the resolution of this issue against the accused.

The recited advice of the staff judge advocate indicated an improper legal standard by which the convening authority was to determine the weight and sufficiency of the evidence. *United States v. Curtis*, 24 U.S.C.M.A. 150, 51 C.M.R. 340, 1 M.J. 297 (1976); *United States v. Monahan*, 23 U.S.C.M.A. 539, 50 C.M.R. 710, 3 M.J. 489

(1975); *United States v. Smith*, supra; *United States v. Johnson*, 8 U.S.C.M.A. 173, 23 C.M.R. 397 (1957); *United States v. Hardesty*, 51 C.M.R. 784, 1 M.J. 780 (A.F.C.M.R. 1976); see *United States v. Martinez*, 24 U.S. C.M.A. 100, 51 C.M.R. 273, 1 M.J. 280 (1976); but see *United States v. Thompkins* (Memorandum Order dated 26 February 1976) reversing *United States v. Thompkins*, 52 C.M.R. 104, 2 M.J. 1249 (A.F.C.M.R.1976).

The implication of the advice is that the test to determine the propriety of the court's resolution of the issue adversely to the accused is whether the evidence supports such resolution in some unspecified degree. That test is incorrect. *United States v. Jenkins*, 8 U.S.C.M.A. 274, 24 C.M.R. 84 (1957); Manual for Courts-Martial, supra, paragraph 214; *United States v. Fleming*, 7 U.S.C.M.A. 543, 23 C.M.R. 7 (1957). It failed to clearly inform the convening authority that, as with the ultimate issue of the accused's guilt, he was required to be convinced beyond a reasonable doubt that the accused did not act under duress before approving the findings of guilty. See *United States v. Fields*, supra. Accordingly, and for purposes of this discussion, without regard to our own view of whether the accused's testimony in fact raised the issue, the reviewer's advice on the matter constituted improper guidance to the convening authority.

For the foregoing reasons, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to an appropriate convening authority for a new review and action.

BUEHLER, Senior Judge, and HERMAN, Judge, concur.