**544**

UNITED STATES

v.

Technical Sergeant George F. LASSI-TER, Jr., FR 244–70–8612, USAF.

ACM 22375 (recon).

Air Force Court of Military Review.

Aug. 10, 1978.

ORDER

Appellate defense counsel having filed with the Court a MOTION FOR RECONSIDERATION pursuant to Rule 19 b, COURTS OF MILITARY REVIEW RULES· OF PRACTICE AND PROCEDURE, on 3 August 1978, and appellate government counsel having replied thereto on 9 August 1978.

NOW, therefore, it is by the Court, this 10th day of August 1978, ORDERED: That the MOTION FOR RECONSIDERATION is denied by an equally divided court.

Upon original review of the record of trial in the above styled case, this Court, by decision dated 31 July 1978, affirmed the findings of guilty and the sentence. In their motion for reconsideration of the decision, appellate defense counsel assert that the review of the staff judge advocate is prejudicially inadequate. Specifically, say counsel, the reviewer erroneously advised the convening authority that the accused, whose adjudged sentence to confinement extended to one year and six months, was ineligible for immediate entry into the rehabilitation program at Lowry Air Force Base, Colorado, because "[a]n individual is eligible for immediate entry into the retraining program *only* if the period of confinement does not exceed twelve months." (emphasis supplied)

As appellate defense counsel correctly contend, such advice did not comport with the governing directive, Air Force Regulation 125–18(C4), 7 February 1977, paragraph 5–8d of which provides:

> The convening authority may extend [the twelve month confinement] limit to 18 months in exceptional cases when the circumstances clearly indicate that immediate entry into the rehabilitation [program] is warranted.

However, and contrary to an allied contention of appellate defense counsel, in his response to the review submitted pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975), the accused's counsel failed to challenge the reviewer's misleading comment as

to rehabilitation eligibility. Accordingly, and particularly in the absence of any indication that an issue of inadequacy of representation is involved or that a manifest miscarriage of justice would result, the doctrine expressed in *Goode* is applicable and the error is deemed to have been waived. *United States v. Barnes*, 3 M.J. 406 (C.M.A. 1977); *United States v. Morrison*, 3 M.J. 408 (C.M.A.1977); *United States v. Kohler*, 4 M.J. 941 (A.F.C.M.R.1978); *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976).

Order by ORSER, Judge, in which ARROWOOD, Judge, concurs.

EARLY, Chief Judge, with whom HERMAN, Judge, concurs, dissents:

I find myself in the curious position of dissenting against a decision based upon principles espoused in my own earlier dissent. See *United States v. Robinson*, 1 M.J. 722 (A.F.C.M.R.1975). However that may be, it appears to me that the instant case is factually different from those cases where we have invoked the waiver doctrine set forth in *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), and expanded in *United States v. Barnes*, 3 M.J. 406 (C.M.A.1977) and *United States v. Morrison*, 3 M.J. 408 (C.M.A.1977).

Here the accused was sentenced, among other things, to confinement at hard labor for 18 months. In the post-trial clemency reports submitted to the clemency evaluator, the accused's commander, first sergeant, supervisor, the chaplain, the base psychiatrist and the clemency evaluator recommended reducing the accused's sentence with a view towards sending the accused to Lowry AFB for rehabilitation training. In addition, five members of the court-martial recommended that the accused be given rehabilitation training.

In response to these recommendations, the reviewer advised the convening authority:

An individual is eligible for immediate entry into the retraining program only if the period of confinement does not exceed twelve months. I do not feel compelled to recommend that the sentence be further reduced to confinement at hard labor for 12 months in order that the accused may immediately enter the rehabilitation program at Lowry Air Force Base, Colorado.

This advice is error. Air Force Regulation 125–18(C4), 7 February 1977, provides at paragraph 5–8d:

. . . The convening authority may extend this limit to 18 months in exceptional cases when the circumstances clearly indicate that immediate entry into the rehabilitation [program] is warranted.

My brothers, correctly interpreting existing law, I believe, invoke the doctrine of waiver against the defense counsel for not detecting this error in his *Goode*, supra, examination. I find that this action instead of resolving the issue, merely creates a dilemma: is it proper on the one hand to hold the defense counsel to a standard of knowledge that apparently was not shared either by appellate counsel or this Court; or, was his lack of knowledge of the aforementioned regulation of such a character that the issue of competency of counsel is raised? Since I cannot resolve either question satisfactorily for myself, I would not invoke the doctrine of waiver.

I do not believe that the *Goode* doctrine covers "errors or deficiencies in the review itself which . . . reach the level of substantial injustice," *United States v. Robinson*, supra, at 727, nor that we should let adherence to precedents "impede the exercise of our jurisdiction where the substantial rights of the accused may be imperiled." Ibid. The sole issue as to clemency here is whether or not the accused should be entered into the rehabilitation program. In deciding this issue, the convening authority should have been provided with correct advice as to his powers and his alternatives. It is entirely possible that the convening authority felt that reduction of sentence was inappropriate, but also felt that the accused was deserving of rehabilitation. The advice given did not provide him with the avenues available.

I would grant the motion for reconsideration and return the record for an additional review and new action upon proper advice.