**UNITED STATES**

v.

**Airman First Class Jeffrey A. MELNICK, FR 213–78–0220 United States Air Force.**

**ACM 22747.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 Feb. 1980.

Decided 14 Oct. 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

### PER CURIAM:

Consistent with his pleas, the accused was convicted of robbery, burglary and possession of marijuana in violation of Articles 122, 129 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 922, 929, 934.

We hold the review of the staff judge advocate to be prejudicially erroneous and return the record of trial for a new review and action. Appellate defense and government counsel both concur in requesting this relief.

■ In this case, a formal clemency evaluation was conducted after trial. This evaluation clearly indicates that the accused was a volunteer for the rehabilitation program conducted by the Air Force at Lowry Air Force Base, Colorado. It also contained a variety of other information relevant to clemency consideration.* Despite these facts, the staff judge advocate's review asserted that there was no formal clemency evaluation and that the accused was not a volunteer for the rehabilitation program.

■ While a staff judge advocate may express his opinion with regard to clemency, his advice must be clear and unambiguous, and he may not mislead the convening authority. *United States v. Bennett*, 18 U.S.C.M.A. 96, 39 C.M.R. 96 (1969); *United States v. Plummer*, 7 U.S.C.M.A. 630, 23 C.M.R. 94 (1957). Ordinarily, errors in a post trial review not challenged by defense counsel are waived pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). However, in view of their gravity and in the interests of justice, we decline to apply a waiver in this case.

Accordingly, the action of the convening authority is set aside and the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to the same or a different convening authority for a new review and action.

---

\* The staff judge advocate may also find it appropriate to comment, in the review, on various other matters contained in the clemency evaluation such as remarks by the accused on the offenses and on the military judge who tried the case.