**UNITED STATES**

**v.**

**Airman Richard E. AGEE, FR 340–56–6193 United States Air Force.**

**ACM S25229.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 March 1981.

Decided 4 Sept. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Charles E. Orck.

Appellate Counsel for the United States: Colonel James P. Porter.

Before MILES, KASTL and MILLER, Appellate Military Judges.

## DECISION

**PER CURIAM:**

Consistent with his pleas, the accused was convicted of absence without leave from 8 October 1980 to 23 February 1981, in violation of Article 86, 10 U.S.C.A. § 886 of the Uniform Code of Military Justice. The approved sentence extends to a bad conduct discharge and confinement at hard labor for four months, but the convening authority suspended the bad conduct discharge and two months of the confinement for a period of one year with provision for automatic remission.

Appellate defense counsel assert that the staff judge advocate erred in failing to properly advise the convening authority of his powers and duties. We agree.

■ In the review, the staff judge advocate failed to include any language advising the convening authority of his personal responsibilities as to either the findings or

sentence.[1] This is manifest error since the convening authority "may approve only such findings of guilty, and the sentence or such part or amount of the sentence, *as he finds correct in law and fact and as he in his discretion* determines should be approved. [emphasis added]." Article 64, 10 U.S.C.A. § 864, Code, *supra.* *See* Manual for Courts-Martial, 1969 (Rev.), paragraphs 86*b*, 87 and 88. *United States v. Prince,* 16 U.S.C.M.A. 314, 36 C.M.R. 470 (1966); *United States v. Grice,* 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957). The error was too grievous to be waived by the defense counsel's failure to comment. *United States v. Melnick,* 10 M.J. 510 (A.F.C.M.R.1980); *United States v. Robinson,* 1 M.J. 722 (A.F.C.M.R. 1975).

■ Appellate defense counsel also assert that the accused's plea of guilty was improvident. Apparently, the accused was in the custody of civilian police in mid December 1980 and his status as an absentee was known. The civilian police notified the accused's military unit that the accused was in their custody. However, a mix-up occurred and the accused was eventually released without being returned to his unit.

Under the circumstances, we agree that the military judge erred in not inquiring further as to the providency of accused's plea. "When an absentee is in the hands of civilian authorities for other reasons and these authorities make him available for return to military control, the absence is terminated when the military authorities are advised of his availability." MCM, 1969 (Rev.), paragraph 164a. *See United States v. Lanphear,* 23 U.S.C.M.A. 338, 49 C.M.R. 742 (1975); *United States v. Reeder,* 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972); *United States v. Garner,* 7 U.S.C.M.A. 578, 23 C.M.R. 42 (1957).

In view of this last error, the convening authority should, after a new review, either direct a rehearing or alternatively affirm only a finding of guilty as to the lesser period of absence and then reassess the sentence.

Accordingly, the action of the convening authority is set aside and the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to the same or a different convening authority for a new review and action.[2]

---

1. The recommended language to describe these duties and responsibilities is outlined in AFM 111–1, Military Justice Guide, paragraph 7–3d, 2 July 1973, Change 3 (15 November 1978). In this case, neither the recommended language · nor any substitute language was included in the staff judge advocate's review.

2. To avoid the possible appearance of unfairness, we recommend the new review be written by a different judge advocate since the reviewer previously had been appointed as trial counsel in the case.