**UNITED STATES, Appellee,**

v.

**Alan R. SCHWARZ, Private First Class, U.S. Marine Corps, Appellant.**

**No. 30,322.**

U. S. Court of Military Appeals.

July 25, 1975.

*Lieutenant Michael C. Barr,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, was on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

In a trial by special court-martial convened at Marine Corps Recruit Depot, Parris Island, South Carolina, the appellant was convicted of an assault and battery in accordance with his plea and using indecent language contrary to his plea, offenses which are in violation of Articles 128 and

1. *See United States v. Clower,* 23 U.S.C.M.A. 15, 18, 48 C.M.R. 307, 310 (1974).

134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934. When the appellant's case originally came before the Navy Court of Military Review, that court ordered a new review by the staff judge advocate and further action by the convening authority in view of certain prejudicial errors and omissions in the first review.

The appellant's case is now before this Court, a new review and action having been accomplished and the case thereafter affirmed by the Court of Military Review. Our examination of this second post-trial review, however, reveals yet a further deficiency. In the section of his review where the staff judge advocate set forth his summarization of opinions as to the legality of these proceedings, he erroneously stated that the findings of guilty to both charges and specifications were supported beyond a reasonable doubt by the provident guilty pleas of the appellant. Notwithstanding the correct designation of those pleas elsewhere in the review, as well as discussion of the findings and their evidentiary basis, we find such erroneous advice to be prejudicially confusing and misleading. *United States v. McIlveen*, 23 U.S.C.M.A. 357, 49 C.M.R. 761 (1975).

While a new review and action by a different convening authority would normally constitute appropriate relief for an error such as this, we see no useful purpose to be gained by yet another review and action in this case. The findings of guilty of the charge and specification alleging the use of indecent language are accordingly set aside and dismissed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review for reassessment of the sentence on the basis of the assault and battery offense which is hereby affirmed.