**UNITED STATES, Appellee,**

v.

**Daniel MARTINEZ, Lance Corporal, U. S. Marine Corps, Appellant.**

**No. 30,986.**

U. S. Court of Military Appeals.

Jan. 30, 1976.

*Captain Paul H. Duvall,* USMCR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, *Captain W. D. Blalock,* USMCR, and *Lieutenant Mark D. Wigder,* JAGC, USNR, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

In the second post-trial review of the appellant's court-martial, which was ordered by the Navy Court of Military Review due to deficiencies in the first review, the staff judge advocate's advice to the convening authority completely reversed the burden relevant to determining the voluntariness of the appellant's pretrial statement admitted into evidence at trial. The following excerpt from the review is critical:

> The question of whether or not the statement was voluntarily given was litigated and the court must have found [in order to conclude that it was inadmissible], per the judge's instruction (R 241) that the accused did not in any manner wish to be interrogated before or during the taking of the statement. You, likewise, must be similarly convinced beyond a reasonable doubt that the accused did not in any manner wish to be interrogated [in order for you to conclude that the statement was involuntary and, hence inadmissible]. The evidence on this point is the accused's own statement (R 155) that he told the agent he was tired and did not wish to be interrogated.

The Navy Court of Military Review, in its second examination of this case—its first of this new review—determined that this discussion "was carelessly drafted and patently incorrect." However, in opining that the military judge's trial ruling admitting the statement as voluntary was correct and that the confession was, therefore, properly received into evidence, the court below "de-cline[d] to find prejudice in an erroneously prepared review of a proper ruling by the military judge."

In so concluding, the Court of Military Review erred. The law is well settled that error is committed when an improper standard is given by the staff judge advocate to the convening authority for use in his review and action on the record of trial. *See United States v. Monahan,* 23 U.S.C.M.A. 539, 50 C.M.R. 710, 3 M.J. 489 (1975); *United States v. Johnson,* 8 U.S.C.M.A. 173, 23 C.M.R. 397 (1957). "If advice is erroneous, inadequate, or misleading, the substantial rights of the accused may be prejudiced." *United States v. Rivera,* 20 U.S.C.M.A. 6, 7, 42 C.M.R. 198, 199 (1970). The misstep apparent in the decision below is in the proper inquiry to be made in testing for prejudice. As an accused is entitled to a redetermination of all factual issues by the convening authority [1]—including the voluntariness of a pretrial statement—the arguable correctness of the trial ruling on an evidentiary point is irrelevant to whether prejudice flowed from erroneous advice thereon given by the staff judge advocate. Rather, the correct inquiry regarding the prejudicial effect of a review error is to determine whether there is a fair risk that it misled the convening authority; to the extent that such fair risk is present, prejudice resulted from the error, and the action must be invalidated. *United States v. Hill,* 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973).

In the case at bar, as the standard enunciated by the staff judge advocate was diametrically opposite to that which is correct, and as the misadvice was not otherwise corrected in the review, we must conclude that such a fair risk exists, for "[i]n the absence of clear evidence to the contrary, the convening authority presumptively acts in accordance with his staff judge advocate's advice." *Id.* at 422, 47 C.M.R. at 400.

---

1. *See United States v. Lindsey,* 23 U.S.C.M.A. 9, 48 C.M.R. 265 (1974); *United States v. Cruse,* 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972);

*United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958).

282

As noted earlier, this review now before us is the second one prepared in this case; yet it, too, is deficient. Meanwhile, the appellant has served all of the unsuspended portion of his confinement approved by the convening authority, and he was not sentenced to a punitive discharge. While a new review and action ordinarily would be appropriate in the case of an error as the one here present, under these circumstances we see no useful purpose in ordering a third such exercise. *See United States v. Schwarz,* 23 U.S.C.M.A. 503, 50 C.M.R. 583, 1 M.J. 130 (1975). Therefore, we will cure the error in our action as to the specifications addressed by the pretrial statement of concern.

The decision of the US Navy Court of Military Review is reversed. The findings as to specifications 2 and 7 of the Charge are set aside and same are dismissed; the remaining findings of guilty are affirmed. The record is returned to the Judge Advocate General of the Navy for resubmission to the Court of Military Review, which will reassess the sentence appropriately.[2]

---

2. Additionally, the Court of Military Review will insure the necessary correction be made of errors in the court-martial promulgating orders in this case. It appears that the original order promulgating the results of trial was incorrect as it listed the six specifications as they originally had been referred to the court. However, the monetary amounts involved and the specified number of transactions, both of which had initially been alleged, were not included in those specifications redrafted after the second Article 32, 10 U.S.C. § 832 hearing in this case. Also, that order appeared not to include the seventh specification which was referred to trial *as a result* of the second hearing. Therefore, an amended order was promulgated, which purported to add the seventh specification. However, what actually had occurred was that the *sixth original* specification is the one that had been omitted from the original order, and the *seventh* specification had been included, but misnumbered as the sixth. When the amended order was promulgated, however, the seventh one simply was added, resulting in the seventh specification appearing twice—numbered 6 and 7—and the sixth specification appearing not at all. Finally, the amended order still did not reflect the fact that the second set of specifications did not allege monetary amounts or number of transactions. Therefore, still another amended order is necessary, which, hopefully, will correctly include and reflect *the sixth and the seventh specifications,* as well as exclude the matter alleged in the first set of specifications but omitted from the second.