**UNITED STATES, Appellee,**

v.

**Marlon K. CURTIS, Private, U.S. Army, Appellant.**

No. 30,992.

U. S. Court of Military Appeals.

Feb. 27, 1976.

*Colonel Alton H. Harvey, Captain John R. Osgood,* and *Captain Barry J. Wendt* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr., Captain Jonathan D. Glidden,* and *Captain John R. Erck* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

Charged with attempted murder, possession of an unregistered pistol contrary to a lawful general regulation, and premeditated murder, the appellant was convicted at his general court-martial of assault thereby intentionally inflicting grievous bodily harm and of unpremeditated murder, in violation of Articles 118 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 918 and 928. It is our opinion that a new post-trial review and convening authority's action is necessary in this case because of three deficiencies in the review.

First, the staff judge advocate failed to provide any guidelines in the post-trial review for the convening authority to use in evaluating the appellant's principal position at trial on the murder allegation: that he acted in self-defense. This affirmative defense was raised by the evidence,[1] argued by the appellant's civilian defense counsel, discussed in the trial counsel's closing argument to the court, and instructed upon by the military judge prior to the court's deliberation on the findings. We reversed the accused's conviction in *United States v. Smith,* 23 U.S.C.M.A. 98, 48 C.M.R. 659 (1974), in part, for cursory review of a self-defense issue in failing to discuss adequately the legal concepts by which the convening authority was to measure the accused's claim of self-defense. The same failure here is similarly fatal.

Second, the review contains no reference at all to the cross-examination of Mr. Earl Williams, a prosecution witness, who testified on direct examination that on the night in question he gave the appellant a loaded pistol. The cross-examination of Mr. Williams consumes 10 pages of the record of trial and goes both to the credibility of Mr. Williams' direct testimony and to the appellant's theory of self-defense. A review's summarization of the evidence which is incomplete and misleading is unacceptable.[2] For a convening authority to determine anew the issue of an accused's guilt, it is necessary logically and legally that the review fairly summarize the evidence,[3] particularly as to each affirmative issue presented. *United States v. Petty,* 13 U.S.C.M.A. 398, 32 C.M.R. 398 (1962); *United States v. Cash,* 14 U.S.C.M.A. 96, 33 C.M.R. 308 (1963).

In light of the matters in the cross-examination addressed, we find that the omission of any mention of it from the review renders the latter inadequate.

Finally, another prosecution witness, Sergeant First Class Chester Jones, testified against the appellant under a grant of testimonial immunity. Omission of notation and discussion thereof in the review is error,[4] as it is a factor affecting the credibility of the witness in question. *United States v. Nelson,* 23 U.S.C.M.A. 258, 49 C.M.R. 433 (1975).

1. While the Government has urged that self-defense was not reasonably raised by the evidence at trial, we believe otherwise; so, apparently, did the defense counsel, trial counsel, and military judge in the trial forum. Paragraph 216*c,* Manual for Courts-Martial, United States, 1969 (Rev.), addresses the two-prong test for whether this affirmative defense is raised. We find that the objective portion of the standard is satisfied in the testimony of two prosecution witnesses and that the subjective element is met by the appellant's two pretrial *statements* which came into evidence through stipulation of the parties at trial. There is no requirement that an accused himself testify in order to raise the issue of self-defense. *See* *United States v. Gordon,* 14 U.S.C.M.A. 314, 34 C.M.R. 94 (1963).

2. *United States v. Cruse,* 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972); *United States v. Hooper,* 9 U.S.C.M.A. 637, 26 C.M.R. 417 (1958).

3. *United States v. Chandler,* 22 U.S.C.M.A. 73, 74, 46 C.M.R. 73, 74 (1972).

4. The letter of transmittal from the convening authority who granted the immunity to the authority who reviewed this record referred to a grant of immunity but did not identify the witness in question.

We have no doubt but that these errors, individually and collectively, present a fair risk that the convening authority was misled in his review of the appellant's trial. As such, they may not be discounted as nonprejudicial, a position assumed by the Government in these proceedings. *United States v. Martinez*, 1 M.J. 280 (1976); *United States v. Hill*, 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973).

The decision of the U.S. Army Court of Military Review is reversed. The record is returned to the Judge Advocate General of the Army for a new review and action by a different convening authority.

Judge PERRY did not participate in the decision of this case.