**UNITED STATES**

v.

Private E–1 Joseph L. BERRY, 420–74–2028, U. S. Army, Company B, 3d Battalion, Academy Brigade, Academy of Health Sciences, Fort Sam Houston, Texas 78234.

**SPCM 12073.**

U. S. Army Court of Military Review.

Sentence Adjudged 3 March 1976.

Decided 19 Jan. 1977.

Appellate Counsel for the Accused: CPT Barry J. Wendt, JAGC; CPT Buren R. Shields, III, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Clement L. Hyland, JAGC; CPT Gary F. Thorne, JAGC; COL Thomas H. Davis, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Judge:

Appellant was tried by a special court-martial with members for assaulting a fellow soldier (an acting sergeant assigned to appellant's barracks) by striking him in the face with a means likely to produce grievous bodily harm, namely, a football trophy 18 inches tall. The appellant denied using the trophy or any other weapon and further contended that his participation in the fight was entirely in self-defense. He was convicted and sentenced to a bad-conduct discharge without confinement or forfeitures. Considered by the court in arriving at the sentence were documents evidencing a previous conviction and four instances of nonjudicial punishment collectively indicating such prior misconduct as using provoking words and gestures (involving the same victim as the assault), being disrespectful to and striking superiors, and willful disobedience.

The appellant avers that the document evidencing one of the nonjudicial punishments was inadmissible because it is incomplete and therefore was not prepared in accordance with regulations. The document, a copy of Department of the Army Form 2627, recites that an appeal is accompanied by matters "attached hereto for consideration by the next superior authority" and also recites that the judge advocate's opinion regarding the appeal is reflected in an "attached DF" (disposition form). Both attachments were missing from the copy of Form 2627 admitted in evidence. Also, the judge advocate reviewing the appeal did not sign the form. Additionally we note that Part III of the form, intended to include a list of attachments, is blank. The document properly shows, however, that

the appeal was partially granted by remitting a period of correctional custody imposed for the offenses. The trial defense counsel did not object to admission of the document.

■ Perhaps the trial defense counsel did not object because he concluded, as do we, that the record of nonjudicial punishment was admissible. Nowhere does Army Regulation 27–10, 26 November 1968, with changes through Change 16, 4 November 1975, require that attachments made by the subject of nonjudicial punishment or the judge advocate considering his appeal be attached to the copy that is to be maintained in his Military Personnel Records Jacket. But that is the copy that may be considered by the sentencing agency. Army Regulation 27–10, *supra*, para. 2–20*b* (2). In addition to the silence of the regulation on this point, it is noteworthy that documents considered by the commander imposing nonjudicial punishment are required to be attached only to the original record, which is not the copy in the Military Personnel Records Jacket. *Id.*, para. 3–15*b*. When the Military Personnel Records Jacket copy of the record shows that an appeal was, as required, considered by a judge advocate, we do not think that his failure to sign the form affects its admissibility. Similarly, when that copy discloses that attachments were made (presumably to the original), we do not think that the failure to list them in Part III of the form renders the record inadmissible.

■ Appellate counsel also assert error in the staff judge advocate's post-trial review. Appellant having raised the affirmative defense of self-defense under circumstances in which he did not fear death or grievous bodily harm, the military judge properly instructed the court members that appellant need have feared only an attack upon himself. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), para. 216*c*. In his review, however, the staff judge advocate erroneously advised the convening authority that the test was whether reasonable grounds existed for the appellant to apprehend that death or grievous bodily harm was about to be inflicted upon him. In that event, the convening authority, if satisfied beyond a reasonable doubt that appellant did not fear death or grievous bodily harm, could approve findings of guilt without considering that the appellant might reasonably have feared some lesser degree of harm.

■ An accused is entitled to a redetermination of all factual issues by the convening authority. *United States v. Martinez*, 24 U.S.C.M.A. 100, 101, 51 C.M.R. 273, 274, 1 M.J. 280 (1976). Accordingly, the staff judge advocate's review must provide the convening authority with adequate guideposts by which to determine anew the guilt or innocence of the accused. *United States v. Smith*, 23 U.S.C.M.A. 98, 99, 49 C.M.R. 659, 660 (1974). When self-defense has been raised by the evidence, it is error for the review to fail to provide any guidelines for the convening authority's use. *United States v. Curtis*, 24 U.S.C.M.A. 150, 51 C.M.R. 340, 1 M.J. 297 (1976); *United States v. Smith, supra.* Certainly, therefore, it is error to provide the wrong guidelines.

As required by the decision in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), a copy of the staff judge advocate's review was served upon the trial defense counsel before the review was submitted to the convening authority. The trial defense counsel pointed out several matters that he regarded as erroneous, inadequate, or misleading, but he did not challenge the accuracy of the advice concerning self-defense. In *United States v. Goode, supra*, it was said that the failure of the defense counsel to take advantage of the opportunity to correct or challenge erroneous, inadequate or misleading matter in the review "will normally be deemed a waiver of any error in the review." 23 U.S.C.M.A. at 370, 50 C.M.R. at 4, 1 M.J. at 6. In *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R. 16 July 1976) (En banc), a majority of this Court held that the defense counsel's silence waived not only errors pertaining to the inclusion of adverse matter from outside the record of trial (which had

precipitated the *Goode* decision), but other errors in the review as well.[1]

Heretofore, errors in the review have required correction by a new review and action if there is a fair risk that the convening authority was misled. *See United States v. Curtis, supra; United States v. Martinez, supra; United States v. Hill*, 22 U.S.C.M.A. 419, 422, 47 C.M.R. 397, 400 (1973). Our interpretation of *Goode*, however, is that errors not commented upon by defense counsel after examining the review are preserved for appellate review only if the waiver would result in a manifest miscarriage of justice or would otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Myhrberg, supra*, 2 M.J. n. 10 at 537.[2]

Under the circumstances, we do not believe that the staff judge advocate's error resulted in a manifest miscarriage of justice or otherwise seriously affects the fairness, integrity, or public reputation of the proceedings. We are convinced, as were the triers of fact who saw and heard the witnesses, that appellant was beyond a reasonable doubt guilty as charged. Both direct and circumstantial evidence support the conclusion that he struck the victim with a means likely to produce grievous bodily harm, although such harm did not result. As he concededly did not fear death or grievous bodily harm to himself, his use of excessive force negates the defense of self-defense. *United States v. Henderson*, 49 C.M.R. 74 (A.C.M.R.1974).

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge FELDER concur.

1. We are advised that a question as to the extent of the waiver contemplated in the *Goode* case is now before the United States Court of Military Appeals in *United States v. Lewis*, No. 32,093 (Pet. for review granted 3 June and 31 August 1976).

2. This Court's reliance on a plain error rule has not met with uniform approval. *Compare United States v. Warren*, 49 C.M.R. 396 (A.C. M.R.1974), *pet. den.* 23 U.S.C.M.A. 636, 49 C.M.R. 889 (1975), *and United States v. Buchholtz*, 47 C.M.R. 177 (A.C.M.R.1973), *pet. den.* 22 U.S.C.M.A. 632, 48 C.M.R. 999 (1973), *with United States v. Morales*, 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975), *and United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975). Nevertheless, the adoption of any more lenient rule would negate the seemingly intended effect of *Goode*; unless, of course, the waiver mentioned in *Goode* is to be limited to adverse matter from outside the record—which the accused had a right to rebut even before the *Goode* decision. *See, e. g., United States v. Griffin*, 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957).