UNITED STATES, Appellee,

v.

Specialist Four Howard T. THORPE, SSN
345–50–2692, United States
Army, Appellant.

CM 435335.

U. S. Army Court of Military Review.

6 May 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Ralph E. Sharpe, JAGC, and Captain

Johnny D. Mixon, JAGC, were on the pleadings for the appellant.

Major John T. Sherwood, Jr., JAGC, and Captain William C. Kirk, JAGC, were on the pleadings for the appellee.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

Tried by general court-martial for communicating a threat, disrespect to a superior officer, willfully disobeying a superior officer, and possessing marihuana in violation of Articles 134, 89, and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 889, and 890, the appellant was convicted only of communicating a threat. The convening authority dismissed the marihuana offense prior to trial and the military judge acquitted appellant of the disrespect and disobedience offenses.

### I

The appellant at the initial pretrial session requested trial by judge alone. After a thorough inquiry, the military judge approved the request. The appellant was represented at that session by individually requested military and civilian counsel. Later at the trial when the detailed defense counsel rejoined the defense team, the appellant asked to withdraw his request for trial by judge alone and stated his desire for trial by a court including enlisted members.

The appellant desired to change the type of forum as a matter of trial tactics—believing that it would be to his advantage for these offenses against an officer to have enlisted members on the court. The prosecution opposed the change because of the delay in obtaining a court with enlisted members and the nonavailability at a later date of the Government's handwriting expert who was then present in court. The defense offered to depose the witness or stipulate to his testimony but the prosecution declined. The defense had also advised

trial counsel of the proposed change two days earlier with the suggestion that he have a court standing by. The trial counsel refused, for economy of manpower reasons, to have enlisted members appointed and the court called from their regular duties to wait outside before the judge ruled on the appellant's request.

■ The judge denied appellant's request for trial by a court with enlisted members and required the appellant to proceed with trial by judge alone. Notwithstanding the provision of paragraph 53d (2), Manual for Courts-Martial, United States, 1969 (Revised edition), which permits an accused to withdraw a request for trial by judge alone, at the discretion of the judge, only prior to assembly, the United States Court of Military Appeals and this Court have held that such withdrawal may also be made after assembly, within the discretion of the judge. *United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975); *United States v. Simmons*, 44 C.M.R. 804 (A.C. M.R.1971), *pet. for rev. denied*, U.S.C.M.A., 44 C.M.R. 940 (1972). The military judge's decision will not be overturned, absent an abuse of discretion. Although the preference for trial by a court with members is strong, similar to the constitutional preference for a right to a jury trial, the standard for measuring the judge's decision remains one of abuse of discretion. If the *Manual* provision or the United States Court of Military Appeals' interpretation thereof had intended to favor the withdrawal of a request for trial by judge alone, by requiring that the withdrawal request be granted, absent a showing by the Government of substantial prejudice, they would have explicitly so provided.

■ In testing for an abuse of discretion, we do not merely substitute our judgment for that of the trial judge. Rather, we look to see whether the ruling was without factual basis, clearly against all reason. *United States v. Bryant, supra; United States v. Knudson*, 4 U.S.C.M.A. 587, 16 C.M.R. 161 (1954). In the instant case both the appellant and the Government had valid reasons to support their contentions; neither could

show prejudice resulting from an adverse ruling. Under those circumstances we find no abuse of discretion, even though we may disagree with the judge's ruling.

## II

After the initial pretrial session but prior to trial the appellant moved for a new pretrial advice, citing several alleged deficiencies in the advice. The staff judge advocate submitted a supplemental advice correcting all alleged deficiencies save one. At trial appellant pursued his motion based upon the single remaining deficiency. The judge denied the motion. The appellant now cites the failure of the military judge to order a new pretrial advice as error, and additionally, contends that the staff judge advocate was disqualified from reviewing the case because the sufficiency of his advice was in issue.

The alleged deficiency in the pretrial advice is the failure to advise the convening authority that the Article 32, UCMJ, investigating officer initially recommended trial by summary court-martial. This deficiency is without factual basis. Although items 17 and 18 of the investigating officer's report show that "trial by summary court-martial" was entered and then lined out, and replaced with "trial by special BCD court-martial", there is no showing that trial by summary court-martial was ever the investigating officer's recommendation, initial or otherwise. Further, only the final recommendation is significant and must be related to the convening authority.

The staff judge advocate, by correcting the deficiencies in the advice, mooted any disqualification based on those deficiencies. The remaining unfounded, unsupported deficiency could not serve as a basis for disqualification.

## III

In his post-trial review the staff judge advocate listed the maximum punishment as 8½ years confinement, when in fact it was only 3 years; and twice discussed motions to dismiss the disrespect charge as being properly denied, even though the appellant was eventually acquitted of that charge. His statements to the effect that the evidence was legally sufficient to support the disrespect charge, without at the same time pointing out that an acquittal resulted, misled the convening authority, notwithstanding the showing of the correct finding on the first page of the review. The discussions of the motions preferably should not even have been included.

Normally, the failure of the trial defense counsel to object to deficiencies in the post-trial review would be a waiver, *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R. 16 July 1976). However, we believe to apply waiver to the errors here would affect the fairness of the judicial proceeding. Accordingly, we will reassess the sentence.

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for confinement at hard labor for five months and forfeiture of all pay and allowances for five months.

Judge FULTON and Judge FELDER concur.