**UNITED STATES, Appellee,**

v.

**Specialist Four Dale M. ALLEN, SSN 282–44–4187, United States Army, Appellant.**

**SPCM 12599.**

U. S. Army Court of Military Review.

23 May 1977.

---

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Buren R. Shields, III, JAGC, and Captain James Recasner, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, and Major Michael B. Kennett, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CLAUSE and COSTELLO, Appellate Military Judges.

## OPINION OF THE COURT

COSTELLO, Judge:

Appellant was convicted of larceny, unlawful entry and AWOL by a military judge. The major portion of the evidence against appellant consists of the testimony of two associates, both of whom received some benefit from their cooperation with the prosecution in this case.

Unrebutted testimony of record shows that one witness, CPL Milton, received an offer from a CID agent: "He said he would take [sic] to my CO to get the charges lighter." This statement was followed by the witness's acknowledgment that he had not been "promised" specific relief, but there is no difference for these purposes between a promise of specific relief and the promise to try to secure some relief. In *Ward*,* the witness was told ". . . that a *recommendation* for clemency in the form of punishment under Article 15 would be made in exchange for his testimony . . . ." *Id.* at 576, 50 C.M.R. 837, 841, 1 M.J. at 181. (Emphasis supplied.) As it worked out, the agent here did talk to the CO and Milton received only an oral admonition for the marijuana offense which first brought him to the CID's attention.

■ Testimony by the second witness, a co-actor, was even more clearly the product of a bargain. After trial defense counsel elicited the facts of the witness's prior guilty plea and conviction for the same charges, the testimony was:

"Q: You understand that the government wanted you to testify against Dale Allen?

A: Yes.

Q: The Major [defense counsel] explained that to you, didn't he? And that was the only way to get that suspended BCD, wasn't it?

A: Yes, it was."

Whether the witness understood his plea bargain the same way the convening authority did is irrelevant. His subjective belief controls. *United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975); *United States v. Conway*, 20 U.S.C.M.A. 99, 42 C.M.R. 291 (1970). Neither instance of this testimony is mentioned in the staff judge advocate's review in terms of the possible effect of grants of clemency on the credibility of these critical witnesses. Such failure is prejudicial error. *United States v. Nelson*, 23 U.S.C.M.A. 258, 49 C.M.R. 433 (1975). *See also United States v. Webster*, 24 U.S.C.M.A. 26, 51 C.M.R. 76, 1 M.J. 216 (1975). The error, however, was not raised below or before us; is it a waiveable defect?

■ Grants of clemency to critical witnesses by subordinates or by the convening authority himself cause the convening authority to become disqualified from acting in a case which turns on the credibility of such witnesses. *United States v. Ward, supra; United States v. Maxfield*, 20 U.S.C.M.A. 496, 43 C.M.R. 336 (1971). We do not need to decide whether this "successor" convening authority was disqualified either by the action of his absent commander or of subordinates common to both of them. However, we may use the policy underpinnings of the disqualification cases *Ward* and *Nelson, supra*, to measure the error of the staff judge advocate. That error, failing to expose for the convening authority's consideration the threat to the credibility of critical prosecution witnesses, raises at least the appearance of unfairness in the proceedings. The unfairness flows from the fact that if the convening authority is misled or misinformed on matters affecting

* *United States v. Ward*, 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975).

credibility, he cannot give proper consideration to the case. *See United States v. Curtis*, 24 U.S.C.M.A. 150, 51 C.M.R. 340, 1 M.J. 297 (1976).

■ We hold, therefore, that omissions from the post-trial review of matters of law which could reasonably result in disbelief of a critical government witness are not waived by trial defense counsel's failure to object during his review pursuant to *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975); *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R. 16 July 1976) (En Banc); *see United States v. Pinkney*, (*sub nom. United States v. Blasell* and *Pinkney*), 47 C.M.R. 305 (A.C.M.R. 1973), affirmed 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974); and *United States v. Thorpe*, 3 M.J. 704 (A.C.M.R. 1977).

Accordingly, the action of the convening authority, dated 26 January 1977, is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different convening authority.

Senior Judge CLAUSE concurs.

Chief Judge CLAUSEN absent.

UNITED STATES, Appellee,