**UNITED STATES**

v.

**Sergeant Leon R. KNABE, FR 484–62–0259, United States Air Force.**

**ACM 22705.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 Oct. 1979.

Decided 9 Dec. 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Randolph D. Stowe, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael R. Knox, USAFR.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

PER CURIAM:

In the case at bar, appellant challenges the staff judge advocate's review as being prejudicially erroneous *vis–a–vis* sentencing. That sentencing procedure is complicated by the convergence of two unusual conditions: (1) the adjudged sentence included a contingent portion—a $5,000.00 fine or, in lieu of payment of the fine, confinement at hard labor for one year; and (2) the staff judge advocate's review to the convening authority incorrectly advised that the immediate confinement at hard labor ran concurrently with the contingent confinement.

The relevant facts of the case are these: In October 1979, accused was tried by general court–martial, military judge alone, for possessing, using, and transferring hashish and for conspiracy to possess and transfer 5000 grams of hashish, violations of Articles 134 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 881. Found guilty of all charges and specifications, he was sentenced as follows:

> To be dishonorably discharged from the service;
>
> To be confined at hard labor for eight months;
>
> To forfeit $500.00 of your pay per month for 20 months;
>
> To pay to the United States a fine of $5,000.00; in lieu of payment of the fine, to be confined at hard labor for 12 months; and,
>
> To be reduced to the grade of E–1.

The staff judge advocate's review subsequently informed the convening authority that it was "highly unlikely" the government could recoup any of the fine:

> ... the provision for twelve additional months of confinement at hard labor in the event of the accused's nonpayment of the fine would appear to at most add no more than four months confinement at hard labor to the eight months confinement already part of the adjudged sentence.

Consequently, the advice continues:

> ... the fine may properly remain as part of the adjudged sentence, on the off–chance that the accused may somehow see fit to pay it, rather than suffer the foreseeable possible consequences of having his eight–month period of confinement extended by four additional months.

When he approved the sentence, except for reducing the amount of forfeitures, the convening authority indicated no disagreement with the advice contained in the staff judge advocate's review. See Manual for Courts–Martial, 1969 (Rev.), paragraph 85c.

■ We find that, in an otherwise–excellent review, the staff judge advocate's advice on contingent confinement was erroneous. The proper rule is this: Under Article 57(c), U.C.M.J., 10 U.S.C. § 857(c), *supra*, the fine (coupled with its alternative of confinement) would not take effect until the sentence was ordered executed; such execution would not occur until termination of appellate review under Article 71(c), U.C.M.J., 10 U.S.C. § 871(c), *supra*. Therefore, the accused was not required to pay the fine until the order of execution. Neither did the twelve months alternative of confinement, added solely to enforce collection of the fine, begin to run until execution.

■ Absent the staff judge advocate's advice, the convening authority could have approved a sentence encompassing both the basic confinement plus contingent fine or confinement–a grand total of twenty months of possible jail time. *United States v. Kehrli*, 44 C.M.R. 582 (A.F.C.M.R.1971) pet. denied, 44 C.M.R. 940; cf. *United States v. Finlay*, 6 M.J. 727 (A.C.M.R.1978). However, incorrect advice apparently led the convening authority to accept three erroneous propositions: (a) basic and contingent confinements ran concurrently; (b) the maximum possible confinement period was twelve months; and (c) the twelve month period began at the time sentence was adjudged and continued to run until one year expired, in this case by October 1980.

Concerning this complex fact situation, we deem it more appropriate at the time to fashion a proper remedy by resolving all matters in the light most favorable to the accused, rather than order a new review and action. See *United States v. Martinez*, 1 M.J. 280 (C.M.A.1976).

Accordingly, we find only so much of the sentence correct in fact and law as extends to dishonorable discharge, confinement at hard labor for eight months, forfeiture of $299.00 per month for twenty months, and reduction to the grade of airman basic.*

We have considered the additional assignment of error and resolved it adversely to the accused.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

---

\* We are not overly impressed with the practicality of fining an accused. Collection is difficult, costly, usually delayed, and often impossible. See Birnbaum, *Fines–Not So Dandy*, A.F. J.A.G. Rptr., Vol. 9, No. 3, (June 1980), p. 86; and Birnbaum, *Confinement for Non–Payment of Fines*, A.F. J.A.G. Rptr., Vol. 9, No. 1 (February 1980), p. 7.