**UNITED STATES, Appellee,**

v.

**Specialist Four David E. PRYOR, SSN 344–50–4310, United States Army, Appellant.**

**CM 445517.**

U.S. Army Court of Military Review.

30 Nov. 1984.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain Karen S. Davis, JAGC, were on the pleadings for appellant.

Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before SU–BROWN, YAWN and WALC-ZAK, Appellate Military Judges.

OPINION OF THE COURT

SU–BROWN, Senior Judge.

Appellant was tried by a military judge sitting as a general court-martial. Con-

trary to his pleas, he was convicted of conspiracy to commit robbery, robbery, and assault upon a military policeman in the execution of her duties, violations of Articles 81, 122, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 922, 928 (1982). He was sentenced to a dishonorable discharge, confinement at hard labor for seven years, forfeiture of all pay, and reduction to the lowest enlisted grade. The convening authority approved the sentence but suspended for six years that portion of the sentence adjudging confinement at hard labor in excess of six years.

Appellant now contends he was substantially prejudiced by the failure of the Staff Judge Advocate's Post-Trial Review to advise the convening authority on the law of principals since appellant was found guilty of robbery as an aider and abettor. Appellant also contends the staff judge advocate erred by failing to serve defense counsel with a copy of his addendum to the post-trial review for her response. We agree.

 The failure to discuss the law of principals as to the robbery offense was error. *United States v. Burroughs*, 12 M.J. 380 (C.M.A.1982). This error was not the only defect in the post-trial review process. The staff judge advocate also failed to give defense counsel an opportunity to review and respond to new matters contained in an addendum to the post-trial review. *United States v. Narine*, 14 M.J. 55 (C.M.A.1982). *See also United States v. Goode*, 1 M.J. 3 (1975). This failure is particularly significant since the addendum contained erroneous advice.

In this case, after hearing the testimony of a defense witness, the military judge stated, "after reflection, [I am] forced to reluctantly state for the record that I will not consider for any purpose the testimony of the preceding witness." This statement is tantamount to striking the witness's testimony from the record. When testimony is stricken, such testimony is effectively removed from the consideration of the trial court, the convening authority, and this Court. *United States v. Kelley*, 19 C.M.R. 855, 859 (A.F.B.R.1955).

Nevertheless, the staff judge advocate advised the convening authority that while the convening authority should consider the comments of the military judge, he had an independent duty to determine whether or not to consider the witness's testimony. This advice was incorrect. Proper service of the addendum on appellant's defense counsel might well have avoided this error. *Cf. United States v. Narine*, 14 M.J. at 57 (major reason for requiring service of addendum is to give counsel an opportunity to rebut erroneous advice).

The action of the convening authority dated 13 March 1984 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.

Judge YAWN and Judge WALCZAK concur.