UNITED STATES, Appellee,

v.

Specialist Four Michael A. LEININGER, 479–86–5986, United States Army, Appellant.

ACMR 8700893.

U.S. Army Court of Military Review.

30 Dec. 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain Alfred H. Novotne, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

The appellant was found guilty of a thirty-five day absence without leave (AWOL) in violation of Article 86, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 886 (1982). The military judge, sitting as a special court-martial, sentenced him to a bad-conduct discharge, confinement for ninety days, forfeiture of $606.00 pay per month for three months, and reduction to Private E–1. The convening authority approved the sentence except that, pursuant to a pretrial agreement, confinement was reduced to seventy-five days and forfeitures were reduced to $438.00 pay per month for three months.

The appellant asserts that the staff judge advocate improperly advised the convening authority that in taking his action on appellant's case he need not consider that appellant's AWOL companion was not sentenced to a punitive discharge. We find that a new staff judge advocate's response and convening authority's action are required.

Appellant's trial defense counsel submitted to the convening authority a petition, urging that approval of a bad-conduct discharge for appellant would be unduly harsh because his companion, who also pleaded guilty to the same AWOL, was not sentenced to a bad-conduct discharge. The staff judge advocate provided

the convening authority an addendum in which he adhered to his earlier recommendations that the sentence be approved.[1] While the addendum pointed out that appellant's immediate supervisor and company commander testified that they did not think he should be "retained," the company commander first testified that "other forms of punishment would be suitable instead of maybe a bad-conduct discharge."[2] Thereafter, when advised by the trial counsel that the appellant would receive an honorable discharge at the end of his term of service if a bad-conduct discharge were not adjudged, the company commander testified "[s]ir, if those are the only two options available as far as Leininger is concerned from this court then I would have to say that a bad conduct discharge would be suitable."[3]

 The convening authority has plenary power to act on the sentence of a court-martial. Article 60, UCMJ, 10 U.S.C. § 860. He exercises sole discretion in approving the sentence he finds warranted by the offense and appropriate for the accused. R.C.M. 1107(d)(2). In doing so, he should consider all relevant factors and all matters relating to clemency. R.C.M. 1107(d)(2), *Discussion; see United States v. DeGrocco*, 23 M.J. 146, 147 (C.M.A.1987) (since action of convening authority "now the only field review" of cases, accused's submissions "clearly crucial" for sentence or other relief). In addition, only the convening authority can suspend a bad-conduct discharge. R.C.M. 1203(b), *Discussion.* Fundamental fairness requires that the convening authority consider highly disparate sentences in closely related or connected cases. *United States v. Kent*, 9 M.J. 836, 838 (A.F.C.M.R.1980). The defense counsel, however, must raise the issue, as was done here, or it is waived. *United States v. Davis*, 20 M.J. 980, 983 (A.C.M.R.), *petition denied*, 21 M.J. 315 (C.M.A.1985).

 In view of the convening authority's responsibilities, erroneous, inadequate, or misleading staff judge advocate recommendations may prejudice substantial rights of an accused. *See e.g., United*

---

**1.** The body of the addendum is as follows:

This Addendum supplements my Recommendation, dated 1 June 1987, and responds to the Submission of Matters on behalf of the Accused, submitted by the Accused's Defense Counsel on 10 June 1987.

The Accused, through Defense Counsel, raises the issue of sentence disparity. The Accused was the first of two soldiers tried for an extended AWOL. *During the Accused's trial his chain of command did not recommend retention.* The facts of the second soldier's trial were extremely similar, however, the chain of command recommended retention.

Generally, the appropriateness of an accused's sentence is to be determined without reference or comparison to sentences in other cases, except when there are highly disparate sentences in closely related cases. This is not a strictly mathematical calculation. The test is whether the facts demonstrate that the accused's sentence exceeds "relative uniformity." *Appellate courts will use their experience, distilled from years in the practice of military law, to determine whether, in light of the facts surrounding the accused's offenses, his sentence was appropriate.* In my opinion, the sentence of the court provides a legal, appropriate, and adequate punishment warranted by the circumstances of the case and the overall record of the accused.

After consideration of the Response submitted by Defense Counsel, I adhere to the advice and recommendations contained in my Recommendation of this case. (Emphasis added.)

**2.** We note that opinion testimony about what sentence a court-martial should adjudge is not admissible. *United States v. Taylor*, 21 M.J. 840, 841 (A.C.M.R.1986). Nevertheless, this evidence was elicited without objection.

**3.** The trial defense counsel did not object to the question. We find, however, that a prospective administrative characterization of service is not relevant to describing rehabilitative potential. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984, and R.C.M., respectively] 1001(b)(5) (opinion evidence admissible "concerning the accused's previous performance as a servicemember and potential for rehabilitation"). While appellant's performance and misconduct bear on rehabilitation potential, a permissible factor when considering whether a punitive discharge should be adjudged, opinion on rehabilitation potential cannot be tied to whether one agrees with how the Army would administratively characterize service at the end of one's term. *Cf. United States v. Boughton*, 16 M.J. 649, 650 (A.F.C.M.R.1983). We do not find prejudice, however, from this error. *See United States v. Horner*, 22 M.J. 294, 296 (C.M.A.1986) (military judge as sentencing authority would place commander's testimony in proper perspective when basis for commander's opinion was set forth).

*States v. Cardwell,* 15 M.J. 124 (C.M.A. 1983); *United States v. Burroughs,* 12 M.J. 380 (C.M.A.1982); *United States v. Cordova,* 7 M.J. 673 (A.C.M.R.1979). If the error raises a fair risk of prejudice, the convening authority's action must be invalidated. *United States v. Martinez,* 1 M.J. 280 (C.M.A.1976).

 In applying this law, we find the addendum defective in two respects. First, it did not specify that the company commander had testified that a bad-conduct discharge was not an appropriate "punishment" but "suitable" only in view of the administrative characterization of service appellant would receive at the end of his term of service. *Cf. United States v. Savina,* 1 M.J. 107 (C.M.A.1975) (staff judge advocate's review misleading on an important point when it mistakenly stated that accused's company commander had testified that he was immature and less than truthful in most of his dealings). Second, its description of the appellate court role regarding sentence disparity permits the construction that the convening authority need not consider the appellant's claim of sentence disparity. This court has recognized that convening authorities must be provided full information on relative culpability and sentences of an accused's compatriots, particularly when the defense counsel so requested. *United States v. Cordova,* 7 M.J. 673, 675 (A.C.M.R.1979); *see also United States v. Brooks,* 12 M.J. 558, 559 (A.F.C.M.R.1981), *petition denied,* 13 M.J. 204 (C.M.A.1982). It follows that the appellant is entitled to be certain the conven-ing authority did not defer to the authority of appellate courts to decide whether amelioration of the bad-conduct discharge was required or appropriate in view of the sentence disparity. *Cf. United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987) (case remanded for explicit finding when Court of Military Appeals unclear as to the intent of members of a Court of Military Review as expressed in their opinion).

We cannot be certain that the appellant was not prejudiced by the sum of these errors. Accordingly, we will act to ensure these matters are considered correctly. *See United States v. Pryor,* 19 M.J. 720, 721 (A.C.M.R.1984), *petition denied,* 21 M.J. 286 (C.M.A.1985).

The action of the convening authority, dated 17 June 1987, is set aside. The record of trial will be returned to The Judge Advocate General for a new response by a staff judge advocate on the submissions of the appellant, dated 10 June 1987, in accordance with R.C.M. 1106(d)(4), and a new action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.[4]

Senior Judge FELDER and Judge ROBBLEE concur.

---

**4.** In view of our determination, we do not express an opinion on the appropriateness of the bad-conduct discharge.