**UNITED STATES**

v.

**Will N. BROOKS, Jr., 373 74 2231, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 90 0498.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 28 April 1989.

Decided 16 Jan. 1991.

832

LCDR Donna M. Crisalli, JAGC, USN, Appellate Defense Counsel.

LT Thomas Miro, JAGC, USNR, Appellate Defense Counsel.

LT Wade W. Parrish, JAGC, USNR, Appellate Defense Counsel.

LT Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before WILLEVER, Chief Judge, and FREYER and HOLDER, Judges.

PER CURIAM:

For shoplifting $12.65 worth of merchandise from a Marine Corps Exchange, of which he was promptly stripped upon being apprehended while leaving the store, this appellant was sentenced by the military judge to reduction to pay grade E–1, confinement for 95 days, a fine of $2,000.00 with provision for further confinement of 70 days if the fine was not paid, and a bad-conduct discharge. (A nonjudicial punishment for larceny of $25.00 and a summary court-martial for shoplifting $165.00 worth of merchandise from the Marine Corps Exchange were considered.)

When the appellant completed service of the 95–day sentence to confinement (with applicable credits), the fine had not been paid, but neither had the action of the convening authority yet been taken. Although the fine was then neither due nor payable, the appellant was at once subjected to the 70 days of confinement for nonpayment of the fine. *See United States v.*

*Knabe,* 10 M.J. 607 (A.F.C.M.R.1980). Several months after the latter period of confinement had expired and the appellant had departed on appellate leave, the convening authority approved the adjudged sentence.

Appellate defense counsel complain of the transmutation of the fine to confinement without a hearing and the imposition of such confinement before the fine was even due or payable, and they demand, as meaningful relief, the setting aside of the bad-conduct discharge. In lieu thereof, the government offers its apology. Although we do not mean to imply that a bad-conduct discharge was inappropriate for this appellant's recidivistic involvement with larceny, we think that the appellant is entitled to more than an apology. Only the bad-conduct discharge remains as a source of meaningful relief, and we can state without fear of depreciating the severity of crimes of moral turpitude that a sentence of reduction to pay grade E–1 and confinement for 95 days is not patently inadequate for a $12.65 petty theft without unjust enrichment.

The findings of guilty and only so much of the sentence as provides for reduction to pay grade E–1 and confinement for 95 days are affirmed.