# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––

**No. ACM S32368**

––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Chad M. WILLIAMS**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 11 May 2017

––––––––––––––

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Confinement for 12 months, forfeiture of $1,031.00 pay per month for 12 months, reduction to E-1, and a reprimand. Sentence adjudged 5 November 2015 by SpCM convened at Travis Air Force Base, California.

*For Appellant:* Lieutenant Colonel Jennifer J. Raab, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges.*

Senior Judge MAYBERRY delivered the opinion of the court, in which Senior Judge JOHNSON and Judge SPERANZA joined.

––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

––––––––––––––

MAYBERRY, Senior Judge:

A military judge found Appellant guilty in accordance with his pleas of wrongful use of methamphetamine on divers occasions in violation of Article

112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. Officer members sentenced Appellant to confinement for 12 months, forfeiture of $1,031.00 pay per month for 12 months, reduction to E-1, and a reprimand. The convening authority (CA) approved the sentence as adjudged.

Appellant asserts three assignments of error: (1) trial counsel made an improper argument during presentencing when he requested 12 months of confinement for the sole purpose of rehabilitation; (2) Appellant is entitled to new post-trial processing because the addendum to the staff judge advocate's recommendation (SJAR) failed to address raised legal errors; and (3) the sentence is inappropriately severe. We find no prejudicial error and affirm.

## I. BACKGROUND

During the *Care*[1] inquiry, Appellant, who had been on active duty for nearly 17 years at the time of trial, testified that after struggling with a methamphetamine addiction for months, he decided to use methamphetamine the weekend before 8 July 2015. He requested methamphetamine from a person he knew could provide it, he received it in an edible form, and he swallowed it at his off-base residence when he was alone. He experienced the symptoms and sensations he expected to feel. On 8 and 10 July 2015, he received notification of random urinalysis testing. Even though he had just been tested, Appellant used methamphetamine again. Both urinalysis results were positive for methamphetamine. Appellant was required to provide another sample after each positive result was received, and he stated he knew he was going to fail each subsequent test because he had used methamphetamine prior to each of the sample collections on 27 July and 30 July. Appellant testified that he believed the four positive urinalyses in July were accurate and they reflected "four separate uses of methamphetamine."

In the sentencing hearing, the Prosecution played the audio recording of the *Care* inquiry for the court members and then called Appellant's commander, who testified that he had known Appellant for a little over a year and Appellant had very low rehabilitative potential. Defense counsel succeeded in keeping out the fact that Appellant had previously been tried and acquitted for methamphetamine use as part of the foundation for the commander's opinion testimony. During Appellant's unsworn statement, he revealed that in the past year he discovered he was unknowingly using methamphetamine through weightlifting supplements. He stated he had struggled to make it through the day, both mentally and physically, without the chemi-

---

[1] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

cal. He added that when he was found not guilty at a court-martial "right here in this same courtroom, I was given a second chance at my career and my life, and I was completely ignorant to the fact of how powerful this drug actually is." He acknowledged that this time, "I used on purpose . . . despite the consequences I [found] myself using. I'm not allowing this to happen, because in order for me to allow something to happen would be to say that I have some sort of control over it." Appellant asked the members for the opportunity to be seen at the Veterans Administration clinics. He said that he could not do this "with the bad-conduct discharge." He concluded his unsworn statement with "[t]ake my rank. Continue to confine me on base or send me to jail, but please, don't give me a bad-conduct discharge . . . ."

After this unsworn statement, the military judge held an Article 39(a) session and reopened the *Care* inquiry to ensure Appellant's uses were, in his mind, knowing and conscious. Appellant testified that "The feeling of lack of control. I mean like I know consciously I was doing it, but it just—it's the feeling of not having any conscious decision in it, the addiction part of it, which I understand is not excusable." The military judge confirmed his finding that Appellant used methamphetamine and he knew in fact he was allowing it to happen, "even though [he] might say [he] had an addiction."

The Prosecution re-called the commander in rebuttal to talk about the treatment options that had been provided to Appellant after the four positive urinalyses in July. Trial counsel's sentencing argument emphasized the powerful nature of methamphetamine and the fact that Appellant used methamphetamine four times in the span of one month even after being tested. He advocated for the maximum sentence of 12 months of confinement, reduction to the lowest grade, maximum forfeitures, and a bad-conduct discharge. While defense counsel did object to a portion of trial counsel's argument, the objection only focused on a reference to sending Appellant to Air Force Alcohol and Drug Abuse Prevention and Treatment (ADAPT). In his clemency submission, Appellant raised for the first time the idea that trial counsel's argument improperly requested confinement only for rehabilitative purposes.

## II. DISCUSSION

### A. Improper Argument

Improper argument is a question of law we review de novo. *United States v. Sewell*, 76 M.J. 14, 18 (C.A.A.F. 2017); *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). Because defense counsel did not object to this aspect of trial counsel's sentencing argument, we review Appellant's claim for plain error. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007). To prevail, an appellant must prove that "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting

*United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Where improper argument occurs during the sentencing portion of trial, we determine whether we can be "confident that [the appellant] was sentenced on the basis of the evidence alone." *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013) (brackets in original) (internal quotation marks omitted).

Trial counsel argued that the maximum amount of confinement was appropriate to separate Appellant from the drugs to which he is addicted. Defense counsel did not object. Appellant asserts that trial counsel made an improper argument in sentencing by recommending the maximum confinement sentence for purposes of rehabilitation. Appellant relies on *United States v. Holmes*, 61 M.J. 148, 149 (C.A.A.F. 2005) (summary disposition) and *Tapia v. United States*, 564 U.S. 319, 334–35 (2011) to support his position. In *Holmes*, the United States Court of Appeals for the Armed Forces (CAAF) held that it is prejudicial for a military judge to instruct court members that confinement facilities are corrective rather than punitive. 61 M.J. at 149. In *Tapia*, the Supreme Court held that a sentencing court cannot impose or lengthen a prison term in order to foster a defendant's rehabilitation. 564 U.S. at 334–35. We find these cases inapposite to the facts before us.

Here, trial counsel recommended the maximum confinement time was warranted to separate Appellant from drugs. While Appellant characterizes the basis of this argument as rehabilitative, we disagree. The military judge instructed the members that argument by counsel is not to be considered as the recommendation or opinion of anyone other than the counsel making it. Unlike *Holmes*, the instructions given by the military judge did not characterize confinement as corrective. The military judge correctly instructed on the five principles of sentencing: rehabilitation, punishment, protection of society, preservation of good order and discipline, and deterrence. Moreover, there was no evidence offered regarding the availability of rehabilitation opportunities at military confinement facilities. There is no evidence that the sentence imposed by the members was based on the need for Appellant to stay in jail to be afforded drug rehabilitation opportunities. *Cf. Tapia*, 564 U.S. at 334–35.

Trial counsel explicitly stated that confinement is not the only means to help a member who is addicted, but that "the other ways did not work," acknowledging Appellant had already been referred to ADAPT, received inpatient treatment, and was restricted to the base—all of which are non-punitive. It was trial defense counsel who suggested rehabilitation should be the primary focus of the sentence. Trial counsel did not specifically argue for confinement in order to foster Appellant's drug rehabilitation or rehabilitation in general. Trial counsel's argument recommended the maximum punishment across the board, not just for confinement. The requested maximum

punishment was designed to eliminate Appellant's autonomy—removing his ability to decide what was appropriate—and punish him for his repeated drug use.

After carefully analyzing the evidence and trial counsel's sentencing argument, we do not find error. Assuming, *arguendo*, there was error, and it was plain or obvious, it did not materially prejudice a substantial right of Appellant. We are confident Appellant was sentenced based on the evidence alone. *Halpin*, 71 M.J. at 480. Here, while Appellant's counsel argued no one did anything to help Appellant overcome his addiction after his first court-martial, there is nothing in the record indicating Appellant ever disclosed his methamphetamine addiction until after the positive urinalyses some six months later. In his verbal and written unsworn statements, Appellant specifically said that he did not want to tell anyone "because he didn't think it would have a positive impact on his career." Instead, he chose to "self-regulate" his self-diagnosed addiction by personally obtaining and using methamphetamine. As will be discussed further in this opinion, Appellant requested that the members spare him a bad-conduct discharge and they did so. It is, therefore, reasonable to conclude the members elected to lengthen the duration of confinement in exchange for not imposing the punitive discharge. Appellant had no right to a particular sentence and trial counsel's argument did not materially prejudice Appellant.

## B. Post-Trial Processing

The proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). If the Defense does not make a timely comment on an error in the SJAR, the error is forfeited "unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing Rule for Court-Martial (R.C.M.) 1106(f); *Kho*, 54 M.J. at 65). Under a plain error analysis, Appellant must persuade this court that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65).

To meet the third prong of the plain error test in the context of a post-trial recommendation error, whether that error is preserved or is otherwise considered under the plain error doctrine, Appellant must make "some colorable showing of possible prejudice." *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation . . . is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Id.* at 437. While the threshold is low, there must be some colorable showing of possible prejudice. *Id.*

In accordance with R.C.M. 1107(b)(3)(A), before taking action the CA shall consider the result of trial, the SJAR, and any matters submitted by Appellant under R.C.M. 1105 or 1106(f). Appellant may submit to the CA any matters that may reasonably tend to affect the CA's decision, portions or summaries of the record and copies of documentary evidence offered or introduced at trial, matters in mitigation which were not available for consideration at the court-martial, and clemency recommendations by any member, the military judge, or any other person. R.C.M. 1105(b).

While a staff judge advocate (SJA) is not independently required to examine the record for legal errors, under R.C.M. 1106(d)(4) when the SJA prepares the recommendation and an allegation of legal error is raised in submitted matters, "the [SJA] shall state whether, in the SJA's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 . . . ." The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the SJA's statement, if any, concerning legal error is not required. R.C.M. 1106(d)(4).

In light of the CA's responsibilities, erroneous, inadequate, or misleading SJARs may prejudice substantial rights of an Appellant. *United States v. Hughes*, 48 M.J. 700, 719 (A.F. Ct. Crim. App. 1998) (citing *United States v. Leininger*, 25 M.J. 746, 748 (A.C.M.R. 1987)). "If the error raises a fair risk of prejudice, the convening authority's action must be invalidated." *Id.* Before taking action on the results of a special court-martial, the CA shall consider the SJA's recommendation prepared in accordance with R.C.M. 1106(d)(4). *United States v. Hull*, 70 M.J. 145, 151 (C.A.A.F. 2011).

Appellant asserts the SJA did not address the "legal error" of the sentencing argument or provide guidance to the CA on how to consider the request in the addendum to the SJAR, dated 21 December 2015. The addendum included the following language: "I also reviewed the attached clemency matters submitted by the defense. My earlier recommendation remains unchanged. As such, I recommend that you approve the findings and sentence as adjudged." *Id.* On 22 December 2015, the CA approved the sentence.

In *United States v. Catrett*, 55 M.J. 400, 408 (C.A.A.F. 2001), the CAAF found that the following statements in an addendum satisfied the minimal response requirement of R.C.M. 1106(d)(4): "The matters submitted by the defense are attached to this Addendum and are hereby incorporated by reference. *Nothing contained in the defense submissions warrants further modification of the opinions and recommendations expressed in the Staff Judge Advocate's Recommendations.*" (Emphasis in original). In this case, the addendum informed the CA of the fact that he had to consider the matters submitted and that the SJA disagreed with the matters raised. Like *Catrett*, the

content of the SJAR addendum satisfied the minimal requirement of R.C.M. 1106(d)(4). No analysis or rationale is required to be included.

Second, having found the purported legal error without merit, we find no colorable showing of possible prejudice for the SJA's failure to specifically address it. *United States v. Hamilton*, 47 M.J. 32 (C.A.A.F. 1997); *United States v. Welker*, 44 M.J. 85 (C.A.A.F. 1996); *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988) ("We are not required to give an accused the benefit of any possibility that the staff judge advocate might mistakenly have attributed merit to an allegation of legal error that had no merit and that, in turn, the convening authority might have taken action favorable to the accused.")

## C. Sentence Appropriateness

Appellant argues that his sentence was inappropriately severe. We disagree. This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We have given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. The approved sentence of 12 months of confinement, forfeiture of $1,031.00 per month for 12 months, reduction to E-1, and a reprimand was within the discretion of the members. Appellant pleaded guilty after testing positive on four Air Force urinalysis tests. Appellant admitted to wrongfully using methamphetamine on at least four occasions. Appellant begged the members not to adjudge a bad-conduct discharge and expressly requested they send him to jail instead. We recognize that when Appellant requested confinement in lieu of a punitive discharge, he did not express a particular length of confinement and may not have expected 12 months of confinement to be adjudged. The maximum allowable punishment at a special court-martial allowed for both 12 months of confinement *and* a bad-conduct discharge. The sentence was not inappropriately severe based on the facts and circumstances of this particular case.

### III. Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court